**Sid L. BERGER and John A. Reedy, Appellants,**

v.

**Danny M. LANG, Sr. and Danny M. Long, Jr., Appellees.**

No. 01–96–01184–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 25, 1998.

Published in Part Pursuant to Tex. R. App. P. 90.

Rehearing Overruled Aug. 31, 1998.

Derek Robert Van Gilder, Houston, for appellants,

Richard N. Countiss, Houston, for appellees.

Before SCHNEIDER, C.J., and HEDGES and NUCHIA, JJ.

## OPINION

SCHNEIDER, Chief Justice.

Sid Berger and John A. Reedy appeal from a judgment in which they were found to have converted property belonging to Danny Lang, Sr. and Danny Lang, Jr. (collectively "Plaintiffs"). Berger and Reedy complain that the trial court erred in (1) admitting evidence of the confidential deliberations and findings of the State Bar Grievance Committee against Berger and (2) failing to apply the principles of res judicata. We affirm.

### CONFIDENTIALITY

In point of error one, Berger and Reedy (collectively "Defendants") complain the trial court erred in admitting evidence concerning the confidential deliberations and findings of the State Bar Grievance Committee with respect to a grievance filed by Lang,

Sr. against Berger, an attorney, during Berger's tenure as a receiver for Regame. Specifically, Defendants complain that the matters concerning the grievance committee's hearing were privileged and Berger did not waive that privilege. Plaintiffs contend Berger waived this privilege when he volunteered during his testimony that Lang, Sr. had filed a grievance against him.

On the first day of trial, Plaintiffs called Berger as a witness. The following colloquy took place:

Q. [by Plaintiffs' counsel, Neely]: Thank you sir. Now when the—When Plaintiffs' Exhibit # 25, the final inventory and accounting—

A. [by Berger]: Yes, sir.

Q.:—was filed on December 22nd, 1994—

A.: Yes, sir.

Q.:—you were already involved in this lawsuit, were you not, sir? You had been sued by the Langs in this lawsuit before you filed—

A.: I don't recall whether I had or not. *Mr. Lang had filed a grievance against me with the Bar.*

Q.: Okay. Well, I'm not talking about that, sir, and we won't go into that. The question is, do you recall whether by December 22nd of 1994 you had already been sued in this lawsuit.

(Emphasis added.)

Later, the following colloquy took place:

Q. [by Plaintiffs' counsel, Neely]: Just a minute, let me finish. And isn't it also a fact that you had an opportunity to inform the court, by way of requesting—Let me finish—an inclusion in that paragraph of the word "possession" or "things in your possession" at that time? Didn't you have that opportunity to? Yes or no.

A. [by Berger]: Mr. Neely, the Langs had one year in which to file an appeal of this case if they didn't agree with what I had done, and they didn't do so.

Q.: No, they've sued you.

A.: *Well, they certainly have sued me after they filed a grievance with the State Bar of Texas, which is the first I had in 24 years as a practicing attorney in Harris*

*County.* I can't return something I didn't have.

(Emphasis added.)

On cross-examination by his own attorney, Berger stated the following:

Q.: Have—What kind of toll has this taken on you, personally?

A.: I've been practicing law in Houston 24 years. I've sat on a State District Court bench in Harris County, as an Associate District Court Judge. *In 24 years of practicing law I have had one grievance filed against me by—with the State Bar of Texas Grievance Committee. It was filed by Danny Lang, Sr. because he didn't like the results of that first suit. I cannot disclose what happened because those hearings are confidential. I wish I could tell this jury what happened. But I can't.* But, they tri—he tried that suit again.

*Yes, it had a very hard effect on me because he made some very serious allegations, all of which were untrue. . . . .*

(Emphasis added.)

On redirect-examination, Plaintiffs' counsel attempted to question Berger regarding the outcome of the grievance hearing. Defendants' counsel interjected by saying, "Your Honor." Counsel for both sides approached the bench, where the trial court pointed out that Berger volunteered matters relating to the grievance "at least a half a dozen times." The trial court overruled defense counsel's objection, reasoning that Berger must have wanted to tell the jury the outcome of the grievance hearing because he volunteered information about it.

After the bench conference, the following took place in the presence of the jury:

Q. [by Plaintiffs' counsel, Neely]: What happened, sir?

A. [by Berger]: Mr. Lang alleged that I had stolen money from the company. I want to repeat that one more time. He alleged—

Q.: Sir, all I'm asking you is, what the out—I'd like to finish today.

A.: The outcome was, Mr. Neely, that every nickel, every nickel, Mr. Neely, was accounted for. And I don't believe you

saw my name in the State Bar Journal as having been disbarred, reprimanded, or anything else.

Q.: You didn't get a private reprimand, which would not be published?

A.: I—

Q.: Stop. Make sure you think about that before you answer it. You're under oath, sir.

A.: I would only suggest to you my recollection of that one time, in 24 years that I've been—had a grievance filed against me, that on the allegation—We had to have a full accounting—

Q.: Sir, the question is—

A.: I don't—I don't recall—

Q.: Didn't you get a private reprimand—

A.: I don't re—

Q.: which would not be published in the State Bar Journal?

A.: The private reprimand that you may be referring to had nothing to do with his allegation. If there was a private reprimand it was because of something that had nothing to do with his allegation of theft. Every nickel was accounted for and there perhaps may—

The Court: The question was just, what was the outcome.

The Witness [Berger]: The outcome was that here I am.

On the second day of trial, the trial court listened to arguments pertaining to the admission of exhibits—including (1) Reedy's affidavit that was submitted in connection with the grievance matter, (2) a letter from Reedy to the State Bar of Texas regarding the grievance matter, and (3) and a letter from the State Bar of Texas to Lang, Sr. (Exhibit # 127) stating that the grievance committee found that Berger had engaged in professional misconduct and that Berger agreed to a private reprimand. Defendants' counsel ob-

jected to Reedy's affidavit and Reedy's letter on the ground that they were privileged.

With respect to the letter from the State Bar of Texas to Lang, Sr., the following colloquy took place:

Mr. Neely [plaintiffs' counsel]: Your Honor, we've got just one other thing.

The Court: I sustain the objection to it.

Mr. Neely: You sustained the object—

The Court: Yes. We're not going to go into proving it up. I allowed you to ask him about the outcome because he volunteered it so many times, but we're not going to go to proving up that case one way or the other.

Mr. Neely: Sir, if—just for the record, Judge. Plaintiff's Exhibit # 127 refutes Mr. Berger's statements on the stand that he was—that nothing happened to him as a result of the grievance. This says that he was found guilty of professional misconduct, and he said nothing happened to him. And, Judge, I think that's very important. I think the jury needs to see what the state bar of Texas had to say.

The Court: Well, how do you get over the confidentiality provision?

Mr. Neely: He's waived it. He's waived it, Judge. We went into it yesterday. He kept telling that he wanted to tell them the outcome.

The Court: I think that's probably right. I mean, you know, if he's going to volunteer if five times as how offended he was by getting the grievance filed against him, it's going to be—

Mr. Todd [Defendants' counsel]: I will maintain, you know, that any waiver that took place will need to be extremely limited. It would be similar to waiving the medical privilege for—

The Court: Yeah. We're not going into the de—I'll let you introduce the finding. # 127 is admitted.[1]

1. Plaintiffs argue Defendants did not object to the admission of the letter from the State Bar (Exhibit # 127) and did not point out a specific ground of inadmissibility; hence, Plaintiffs argue Defendants waived any complaint pertaining to the admission of that letter. We disagree. Before Defendants could even raise an objection to the admission of the letter from the State Bar,

the trial court sustained an objection to it. At that point, Defendants did not have grounds for a complaint on appeal. The trial court then questioned Plaintiffs' counsel regarding the possibility that the letter may be confidential, and Defendants' counsel argued that any waiver of confidentiality on the part of Berger was extremely limited. It is apparent from the discussion in the

During the direct-examination of Lang, Sr., Plaintiffs' counsel attempted to question him about the letter that was sent to him from the State Bar of Texas regarding their finding and Berger's private reprimand. Defendants' counsel objected, "I don't want to open the door on this matter any further. I'm going to object to it on the grounds that it's privileged." The trial court allowed Lang, Sr. to read the letter aloud, but did not allow Plaintiffs' counsel to question him about it.

Defendants rely on section 34 of the State Bar Rules, which was repealed in 1992. Section 34 provided in relevant part:

> (A) Confidentiality. Proceedings before a grievance committee are confidential except the pendency, subject matter, and status of a matter may be· disclosed by counsel if: (1) The respondent has waived confidentiality; ....
>
> (B) Public Proceedings. After a grievance committee and a respondent have reached agreement for a sanction other than a private reprimand, or after the grievance committee has authorized the filing of a disciplinary action, the disposition is public; however, the deliberations of committee members shall remain confidential.

Tex. State Bar R. art. 10, § 34, *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. (Vernon 1988) (repealed May 1, 1992).

Plaintiffs rely on rule 2.15 of the Texas Rules of Disciplinary Procedure, which provides, in relevant part:

> All information, proceedings, hearing transcripts, statements, and any other information coming to the attention of the investigatory panel of the Committee must remain confidential and may not be disclosed to any person or entity (except the Chief Disciplinary Counsel) *unless disclosure is ordered by the court.* If there is a finding of Just Cause and any Sanction other than a private reprimand (which may include restitution and payment of

Attorneys' Fees) imposed by agreement of the Respondent, all of the information, proceedings, hearing transcripts, documents, statements, and other information coming to the attention of the investigatory panel shall be, upon proper request, made public.....

Tex.R. Disciplinary P. 2.15, *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. A–1 (Vernon Pamph.1998) (emphasis added).

Assuming without deciding that evidence relating to the outcome of the grievance matter was confidential under either of the above rules, the issue in this case is whether the trial court abused its discretion in determining that Berger waived any right to confidentiality of the outcome of the grievance matter.

Rules 501 and 511 of the Texas Rules of Evidence [2] provide guidance in the area of waiver of this right to confidentiality, which is provided under the former State Bar Rules or the current Rules of Disciplinary Procedure. Rule 501 provides, in relevant part, that no person has a privilege to refuse to disclose any matter unless rules such as the Rules of Disciplinary Procedure, which are prescribed by the supreme court pursuant to statutory authority, confer that privilege. *See* Tex.R.Evid. 501(2).

■ Rule 511 of the Texas Rules of Civil Evidence provides:

> A person upon whom these rules [i.e., Tex. R.Civ.Evid. 501] confer a privilege against disclosure waives the privilege if (1) the person or a predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter unless such disclosure itself is privileged, or (2) the person or a representative calls a person to whom privileged communications have been made to testify as to the person's character or character trait insofar as such communications are relevant to such character or character trait.

---

record that the trial court was fully apprised of the nature of Defendants' complaint. We conclude Defendants preserved any error pertaining to the admission of the letter from the State Bar. *See* Tex.R.App.P. 33.1.

**2.** On March 1, 1998, the Texas Rules of Evidence became effective. Rules 501 and 511 of the Texas Rules of Evidence do not substantially differ from former rules 501 and 511 of the Texas Rules of Civil Evidence. ·

Tex.R.Evid. 511. Rule 511 "allows a partial disclosure of privileged material to result in an implied waiver of the privilege as to additional material that has not been disclosed." *Terrell State Hosp. of Texas Dep't of Mental Health & Mental Retardation v. Ashworth,* 794 S.W.2d 937, 940 (Tex.App.—Dallas 1990) (orig. proceeding) (finding that Terrell waived its claim of statutory hospital committee privilege). This "implied waiver occurs only if the disclosure is of 'any significant part' of the privileged material." *Id.*

In *Terrell,* Terrell State Hospital disclosed some information and conclusions that were also contained in a psychological autopsy, which the hospital claimed was privileged. *Id.* The Dallas Court of Appeals noted that such opinions and conclusions were the type of material that the privilege invoked by the hospital was designed to protect. *Id.* The court held that the trial court did not abuse its discretion in determining that the hospital disclosed a significant part of the psychological autopsy. *Id.* at 940–41.

In this case, Berger disclosed during his testimony that (1) Lang, Sr. had filed a grievance against him because he did not like the results of the lawsuit in the 280th District Court and (2) Lang, Sr. had made some very serious allegations, all of which were untrue. By stating that all the allegations in the grievance were not true, Berger suggested that the outcome of the grievance was favorable and did not result in either a sanction or a private reprimand. The letter from the State Bar of Texas to Lang, Sr. indicates the contrary: the grievance committee had found that he had engaged in professional misconduct and Berger had agreed to a private reprimand. By creating a false impression regarding the outcome of his grievance matter, Berger impliedly invited or consented to the disclosure of the outcome of the grievance matter against him. Berger, in fact, testified that he wished he could tell the jury what happened.

We conclude Berger disclosed a significant part—albeit in a distorted fashion—of the information contained in the letter from the State Bar of Texas so as to effect a waiver of his right to confidentiality of such information. The trial court did not abuse its discre-

tion in admitting evidence pertaining to the outcome of the grievance matter against Berger. We overrule point of error one.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 47, and is, thus, ordered not published. The trial court's judgment is affirmed.