Petition for Writ of Mandamus Conditionally Granted and Majority and
Dissenting Opinions filed April 24, 2008








Petition for Writ of Mandamus Conditionally Granted
and Majority and Dissenting Opinions filed April 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00590-CV

____________

 

IN RE MICHAEL HICKS AND JERRY FAZIO, Relators

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

D I S S E N T I N G   O P I N I O N

The relators have not shown that the trial court clearly
abused its discretion by compelling the discovery sought.  Under applicable
precedent, this court should deny the petition for writ of mandamus in its
entirety. 

The Burden of
Proof








In original mandamus proceedings in courts of appeals,
relators have the Aheavy@ burden of
presenting a record and petition that show they are entitled to mandamus relief
to correct a clear abuse of discretion by the trial court.[1] 
The inquiry mandated by precedent is whether the relators (Hicks and Fazio)
have established their entitlement to the extraordinary relief of a writ of
mandamus, not whether the real parties in interest (Taylor and Heitkamp) have
shown that the relators are not entitled to mandamus relief.[2]  
 Indeed, though a court of
appeals may not grant mandamus relief without requesting a response, the real
parties in interest (Taylor and Heitkamp) are not even required to file a
response[3]
and any action or inaction on their part in responding to the mandamus petition
is not a proper basis for granting mandamus relief.[4] 


The
majority does not mention the relators= heavy mandamus burden, nor does the
majority explain how Hicks and Fazio have made the requisite showing that would
entitle them to extraordinary relief.  Rather, the majority builds its entire
analysis on arguments that Taylor and Heitkamp have made in opposition to the
mandamus petition.  Concluding that the real parties= arguments lack merit, the court then
grants mandamus relief.  In doing so, the majority incorrectly imposes on
Taylor and Heitkamp the burden to show that Hicks and Fazio are not entitled
to mandamus relief.[5]








To
discharge their burden in a mandamus proceeding, Hicks and Fazio must show, among other things, that
the trial court clearly abused its discretion in its order of June 18, 2007.[6]
 On mandamus review
of factual issues, a trial court will be held to have abused its discretion
only if the party requesting mandamus relief establishes that the trial court
reasonably could have reached only one decision, and not the decision the trial
court made.[7]
Mandamus review of legal
issues is less deferential.  A trial court abuses its discretion if it clearly
fails to analyze the law correctly or apply the law to the facts.[8]


The Legal Standard for Determining Whether a Party
Has Waived Privilege

Hicks and Fazio fail to argue in their petition that Hicks
did not waive the attorney-client and work-product privileges by his assignment
of claims to Heitkamp in the bankruptcy case.[9] 
In deciding whether mandamus relief is warranted, this court is required to
focus on the arguments presented in the relators= petition.[10] 
However, the majority focuses on whether Hicks waived the attorney-client and
work-product privileges through his written assignment of claims to Heitkamp.  Moreover, even if Hicks and Fazio had
made this argument, it would lack merit.  Under the Texas Rules of Evidence,
Hicks waives the privilege as to the litigation file if he Aconsents to disclosure of any
significant part of the [litigation file] unless such disclosure itself is
privileged.@[11]  








The majority
concludes that Hicks did not waive any privilege because the bankruptcy court
order does not contain language expressly and specifically waiving the
attorney-client privilege.  See ante at pp. 6B8.  Texas Rule of Evidence 511,
entitled APrivileges Recognized Only as Provided,@ contains no requirement that the
consent to disclosure be express.[12]  Under the
unambiguous language of that rule, Hicks could waive privileges by consenting
to disclosure in the bankruptcy court order, even if the order contained no
language specifically waiving privilege.[13] 
 Indeed, the Texas Supreme Court has held that Aconsent@ may be given expressly or impliedly,
in writing, by spoken word, or by action.[14] 
Likewise, this court recently held that a party waived the attorney-client and
work-product privileges by executing an assignment of its privileges to another
party, even though this assignment did not specifically state that any party
was waiving a privilege.[15]  The
majority=s conclusion that a party must
express or specify an intent to waive privilege is inconsistent with both the
unambiguous language of the applicable rule and precedent from this court and
the Texas Supreme Court.[16] 








 Waiver
may be express or implied.  Therefore, if in the bankruptcy court order Hicks
impliedly consented to the disclosure of any significant part of the litigation
file, or if he assigned his right to assert the attorney-client privilege in
the litigation file to a third party, then Hicks waived the privilege as to
this file.[17] In the
bankruptcy court order and through the Chapter 13 bankruptcy plan, Hicks
assigned to Heitkamp all claims arising from or related to the claims made in
the Taylor Suit,[18] which would
include all of his claims against Fazio arising from or related to the claims
made in that suit.  In the order, Hicks makes this assignment for the benefit
of unsecured, nontax creditors in the Hicks bankruptcy case.  Hicks also agreed
to timely cooperate with Heitkamp to execute instruments so that Heitkamp would
be able to obtain Ainformation, testimony, documentation, and such rights as may
exist for establishing liability and determining damages for the claims
assigned, the proof of liability and any damages as well as the basis for legal
recovery, legal documentation and evidentiary proof necessary for obtaining
legal recovery of money whether by preparation of a documented claim,
mediation, private arbitration, settlement or a trial.@  It was not an abuse of discretion
for the trial court to have concluded that the information and documentation
needed to determine and prove damages and liability as to all claims by Hicks
against Fazio includes the information and documents contained in Fazio=s litigation file for the Taylor
Suit.  Likewise, the trial court did not abuse its discretion by impliedly
determining that, by agreeing to cooperate with Heitkamp so that Heitkamp could
obtain documents that include the litigation file, Hicks impliedly consented to
the disclosure to Heitkamp of the litigation file, thus waiving the privileges
in question.[19] 








In
addition, Hicks irrevocably assigned to Heitkamp rights Ato receive all documentation,
information, and testimony from [Hicks].@  In the bankruptcy court order,
Hicks also agreed that failure to cooperate in providing information to
Heitkamp would be a failure to obey the order.  The trial court did not abuse its
discretion by impliedly determining that, by assigning to Heitkamp the rights
to receive all documentation and information from Hicks and by agreeing to
provide this information to Heitkamp, Hicks impliedly consented to the
disclosure to Heitkamp of the entire litigation file, thus waiving the
privileges in question.[20] 
In the alternative, Hicks=s assignment to Heitkamp of the rights to
receive all documentation and information from Hicks carried with it Hicks=s right to assert
privileges that otherwise would preclude disclosure of this information to
Heitkamp.  Consequently, Hicks may no longer assert these privileges.[21] 


In analyzing the bankruptcy court order, the majority
relies on Hicks=s purported Aintent not to
waive the privilege.@[22]  Though the
majority fails to explain why it believes Hicks did not intend to waive the
privilege when he agreed to the assignment in the bankruptcy court order, the
only apparent basis for finding such an intent is the affidavit of Hicks=s bankruptcy
counsel, in which Hicks=s counsel testifies as to his belief that
Hicks had such an intent.  In any event, because the bankruptcy court order
does not state this intent, any basis for finding such an intent is necessarily
extrinsic to the order.  No
party has argued that the bankruptcy court order is ambiguous, and the majority
does not conclude that the bankruptcy court order is ambiguous.  Thus, the
majority errs in granting mandamus relief based on its consideration of
extrinsic evidence as to Hicks=s alleged intent not to waive any privilege.[23]









Hicks
and Fazio and the majority rely on In re Cooper, 47 S.W.3d 206 (Tex.
App.CBeaumont 2001, orig. proceeding), a
case in which the judgment debtor assigned to his judgment creditor his Stowers[24]
claim against his insurers.[25]  In the
assignment document, the judgment debtor did not (1) agree to cooperate with
the judgment creditor in investigating or prosecuting the assigned claim, (2)
expressly waive any privilege, or (3) agree to voluntarily disclose or consent
to disclosure of any significant part of matters protected by privilege.  See
id. at 209.  The In re Cooper court held that, A[u]nder these circumstances,@  the trial court abused its discretion by concluding
the judgment debtor had waived his attorney-client privilege by making the
assignment.  See id.  According to the majority, In re Cooper
stands for the proposition that, for parties to an assignment of rights and
claims to effectively waive the attorney-client privilege, they must state
specifically in the language of the assignment that the attorney-client
privilege is waived.  See ante at p. 6.  The Cooper opinion does
not stand for or support this proposition.  See In re Cooper, 47 S.W.3d
at 208B09.  The holding in In re Cooper was
limited to the circumstances before the court; the Cooper court never
stated that a party must express or specify an intent to waive the privilege
before there can be a voluntary disclosure or consent to disclosure under Rule
511.[26]  In the case
at hand, Hicks agreed to cooperate with Heitkamp to facilitate Heitkamp=s receipt of documents that include
the litigation file.  Because the language of the parties= agreement and the circumstances of
this case differ significantly from the circumstances in In re Cooper,
that case is not on point.








Even if
Hicks and Fazio had argued in this proceeding that the trial court clearly
abused its discretion by compelling discovery because there is no evidence that
Hicks waived the attorney-client privilege by his assignment of claims to
Heitkamp in the bankruptcy case, for the reasons stated above, this argument
would lack merit.  

Arguments Asserted in the Mandamus Petition

In their mandamus petition, Hicks and Fazio assert the
trial=s order compelling
production of Fazio=s litigation file constitutes a clear
abuse of discretion for the following reasons:

(1)     The
requested discovery is a Afishing expedition@
and is not reasonably calculated to lead to the discovery of admissible
evidence.  

(2)     The trial court erroneously concluded that
Hicks had assigned his claims against Fazio to Heitkamp.

(3)     Any alleged assignment of a legal
malpractice claim against Fazio would be invalid under Texas law and therefore
Taylor and Heitkamp are not entitled to discovery seeking evidence in support
of potential legal malpractice claims against Fazio.  

(4)     Because
Taylor and Heitkamp do not have a valid legal malpractice claim against Fazio,
the requested discovery is irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.








Hicks and Fazio first contend the trial court abused its
discretion by compelling disclosure of Fazio=s litigation file,
arguing the requested discovery is a Afishing expedition@ and is not
reasonably calculated to lead to the discovery of admissible evidence.  In
response to the discovery requests in question, however, Hicks and Fazio
objected only on the grounds of the attorney-client and work-product privileges,[27]
and the trial court has not concluded there is good cause to excuse Hicks=s and Fazio=s failure to
assert any other discovery objections.  Therefore, by their failure to timely
object on any basis other than attorney-client and work-product privilege, Hicks and Fazio effectively waived
any complaints that the requested discovery is overbroad, a Afishing expedition,@ is not reasonably calculated to lead
to the discovery of admissible evidence, and any objection other than the two
privileges they asserted.[28]  Because of
this waiver, the trial court did not clearly abuse its discretion by compelling
discovery that allegedly amounted to a Afishing expedition@ into irrelevant
matters.

Under
their first issue, Hicks and Fazio also assert that the trial court clearly
abused its discretion by concluding the bankruptcy court order contains an
assignment by Hicks to Heitkamp of his claims against Fazio.  Hicks and Fazio claim
that the record shows that  Hicks did not assign any such claims to Heitkamp. 
Hicks and Fazio base this argument on extrinsic evidence regarding the meaning
of the bankruptcy court order, namely statements made by Hicks=s bankruptcy
counsel and copies of prior drafts of a proposed bankruptcy court order.








As noted above, when a court order is unambiguous, as in
this case, the court should give effect to the plain meaning of the order, and
not consider extrinsic matters.[29]  
Under the unambiguous
language of the bankruptcy order, Hicks assigned to Heitkamp all claims Aheld or to be held against [Fazio]
whether perpetrated upon, resulting to, or incurred by Michael Porter Hicks,
Sr., and/or [his wife and two other companies and their agents], for losses as
well as any and all liabilities related in any way or by any legal or factual
circumstance or source to that certain personal injury of Charles Taylor . . .
arising from or related to the damages suffered or claims made [in the Taylor
Suit] . . . .@[30]  Contrary to Hicks=s and Fazio=s arguments, the language of the
bankruptcy court order shows that Hicks assigned to Heitkamp any claims he had
against Fazio.  Accordingly, the trial court did not clearly abuse its
discretion by concluding that the bankruptcy court order contains an assignment
by Hicks to Heitkamp of Hicks=s claims against Fazio.[31] 









Under
their first issue, Hicks and Fazio also assert that any alleged assignment of a
legal malpractice claim against Fazio would be invalid under Texas law and
therefore Taylor and Heitkamp are not entitled to discovery seeking evidence in
support of potential legal malpractice claims against Fazio.  In addition, Hicks and Fazio argue
that, because
Taylor and Heitkamp do not have a valid legal malpractice claim against Fazio,
the requested discovery is irrelevant and not reasonably calculated to lead to
the discovery of admissible evidence.  Again, Hicks and Fazio did not timely
assert objections that Taylor and Heitkamp were improperly seeking evidence in
support of an invalid malpractice claim or that the requested discovery is
irrelevant and not reasonably calculated to lead to the discovery of admissible
evidence.[32] 
Therefore, Hicks and Fazio waived these discovery objections.  The trial court
did not clearly abuse its discretion by compelling discovery when these
objections were not even asserted.[33]  

Finally, the trial court could not possibly have erred by
compelling discovery so that Taylor and Heitkamp could look for evidence
regarding legal malpractice claims against Fazio because that is not the basis
upon which the trial court compelled the discovery in question.

For these reasons, Hicks and Fazio have not met the
mandamus standard with respect to any of the grounds asserted in their petition
for mandamus relief.

Conclusion








 The court correctly overrules the second and third issues,
concluding that in the June 18, 2007 order, the trial court did not compel
Hicks to sign any authorization or waiver and that the trial court did not
grant any motion for protective order.[34] 
Although the court in this case denies the mandamus relief sought in the second
and third issues, the court conditionally grants the entire mandamus petition. 
Even if this court=s granting of mandamus relief as to the
first issue were correct, the court still should conditionally grant the
petition only in part and deny the petition as to the other relief sought.  

As to the first issue, Hicks and Fazio
have not shown that the trial court clearly abused its discretion by compelling
production of the discovery in question.  Therefore, the court should deny
Hicks=s and Fazio=s petition for
writ of mandamus.  In conditionally granting mandamus, this court contradicts
mandatory precedent by (1)
imposing on real parties in interest Taylor and Heitkamp the burden to show that relators
Hicks and Fazio are not entitled to mandamus relief, (2) adding to Rule 511 an
unwritten requirement that the consent to disclosure be express, and (3)
improperly considering extrinsic evidence regarding the meaning of the
unambiguous bankruptcy court order.  Under applicable precedent, this court
instead should deny the petition for writ of mandamus in its entirety.  Because
it does not, I respectfully dissent.

 

 

/s/        Kem Thompson Frost

Justice

 

Petition for Writ of Mandamus
Conditionally Granted and Majority and Dissenting Opinions filed April 24,
2008.

Panel consists of Chief
Justice Hedges, Justices Frost and Guzman.  (Hedges, C.J., majority).









[1]  See Tex. R. App. P. 52.3, 52.7; Canadian Helicopters, Ltd. v. Wittig,
876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding); Walker v. Packer,
827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); In re Nelson, No.
14-04-00578-CV, 2004 WL 1516156, at *1 (Tex. App.CHouston [14th Dist.] July 8, 2004, orig. proceeding)
(mem. op.).





[2]  See Canadian Helicopters, Ltd., 876 S.W.2d at 305; In re Yamin, No.
14-07-01035-CV, 2008 WL 442575, at *1 (Tex. App.CHouston [14th Dist.] Feb. 19, 2008, orig.
proceeding) (mem. op.).  





[3]  See Tex. R. App. P. 52.4.





[4]  See, e.g., In re Yamin, 2008 WL 442575, at *1(denying mandamus petition because A[r]elator has not established his
entitlement to the extraordinary relief of a writ of mandamus@). 





[5]  See Canadian Helicopters, Ltd., 876 S.W.2d at 305; In re Yamin, 2008 WL 442575, at
*1.  





[6]  See In re Prudential Ins. Co. of America, 148
S.W.3d 124, 135 (Tex. 2004). 





[7]  Walker,
827 S.W.2d at 840. 





[8]  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005).  





[9]  This court correctly overrules the second and third
issues because the trial court did not grant the relief challenged by Hicks and
Fazio in these two issues.  See ante at p. 9.  In the argument under
their second issue, Hicks and Fazio make conclusory statements that Hicks has
not waived the attorney-client and work-product privileges.  In their petition,
Hicks and Fazio do not put forth any argument, analysis, record citations or
legal authority in support of the proposition that Hicks did not waive these
privileges through his written assignment of claims to Heitkamp.  See Tex. R. App. P. 52.3(h); In re
Citizens Supporting Metro Solutions, Inc., No. 07-00190-CV, 2007 WL
4277850, at *4 (Tex. App.CHouston [14th Dist.] Oct. 18, 2007, orig. proceeding)
(mem. op.) (holding that relator waived argument because its petition did not
contain appropriate citations to the record and authorities).  By failing to
assert this argument, Hicks and Fazio have waived it.





[10]  See Tex. R. App. P. 52.3, 52.7; Canadian Helicopters, Ltd., 876 S.W.2d
at 305; Walker, 827 S.W.2d at 837.





[11]  See Tex. R. Evid. 511.  Because the applicable law equates this consent to
disclosure with waiver of any claim of privilege, the majority=s use of the common law definition of waiver is
incorrect.  See ante at pp. 7B8
(applying majority=s interpretation of common law definition of waiver). 





[12]  See Tex. R. Evid. 511.  





[13]  See id. 





[14]  See Hightower v. City of Tyler, 134 S.W.2d
404, 407 (Tex. Civ. App.CEl Paso 1939, writ ref=d); see also Yancy v. United Surgical Partners Int=l, Inc. 236
S.W.3d 778, 786 n.6 (Tex. 2007) (holding that, in cases decided after 1927,
Texas Supreme Court=s notation of Awrit
refused@ denotes that the court of appeals opinion is the same
as a precedent of the Texas Supreme Court); State Farm Fire & Cas. Co.
v. Gandy, 925 S.W.2d 696, 707 (Tex. 1996) (referring to a writ refused
court of appeals opinion
as an opinion of the Texas Supreme Court).





[15]  See In re General Agents Ins. Co. of Am., Inc.,
224 S.W.3d 806, 813B14 (Tex. App.CHouston
[14th Dist.] 2007, orig. proceeding).





[16]  See Tex. R. Evid. 511; Hightower,
134 S.W.2d at 407; In re General
Agents Ins. Co. of Am., Inc., 224 S.W.3d at 813B14. 





[17]  See Tex. R. Evid. 511; Hightower, 134
S.W.2d at 407; In re General Agents
Ins. Co. of Am., Inc., 224 S.W.3d at
813B14.





[18]  As used herein, the ATaylor Suit@ refers to the personal-injury lawsuit filed by
Charles Taylor against various parties, including his employer, relator Michael
Hicks, a non-subscriber under the Texas Workers= Compensation Act.





[19]  See Tex. R. Evid. 511; Hightower,
134 S.W.2d at 407 (holding that subdivision developer consented to city=s use of water and sewer lines even
though developer never expressly consented to this use). 





[20]  See Tex. R. Evid. 511; Hightower,
134 S.W.2d at 407.  





[21]  See In re General Agents Ins. Co. of Am., Inc., 224 S.W.3d at 813B14.





[22]  See ante at p. 8.





[23]  See Reiss v. Reiss, 118 S.W.3d 439, 441B42 (Tex. 2003) (holding that unambiguous decree must
be enforced literally, without consideration of matters extrinsic to the
decree);  Gulf Ins. Co. v. Burns Motors, Inc., 22 S.W.3d 417, 422 (Tex.
2000) (holding that language of unambiguous judgment must be enforced without
consideration of extrinsic evidence as to its meaning); Harrison v. Manvel
Oil. Co., 180 S.W.2d 909, 914 (Tex. 1944) (same as Gulf Ins. Co.). 





[24]  See G.A. Stowers Furniture Co. v. Am. Indem. Co.,
15 S.W.2d 544, 547 (Tex. Comm'n App.1929, holding approved).





[25]  In re Cooper, 47 S.W.3d 206, 207B08 (Tex. App.CBeaumont
2001, orig. proceeding). 





[26]  See id.





[27]  Taylor and Heitkamp agree that they are not seeking
to discover Acore work product.@  See
Tex. R. Civ. P. 192.5(b), (c)
(defining core work product that is not discoverable); In re Bexar County
Crim. Dist. Attorney=s Office, 224 S.W.3d 182, 187B88 & n.21 (Tex. 2007) (discussing definition of core work product
and exceptions to this definition).  Therefore, the majority correctly
concludes that the trial court has not compelled Hicks and Fazio to produce any
core work product, and this court need not address any issues relating to core
work product.





[28]  See Tex.
R. Civ. P. 193.2; Bielamowicz v. Cedar Hill Indep. Sch. Dist.,
136 S.W.3d 718, 723 (Tex. App.CDallas 2004,
pet. denied).  Rule 193.2(f) provides that a party
should not object to a discovery request on the grounds that it calls for
production of material that is privileged but should instead comply with Rule
193.3.  See Tex. R. Civ. P.
193.2(f); see also Tex. R. Civ. P.
193.3.  A party objecting to the production of privileged material does not
waive the privilege but must comply with Rule 193.3 when the error is pointed
out. Tex. R. Civ. P. 193.2(f); see
also Tex. R. Civ. P. 193.3. 
The record in this mandamus proceeding does not reflect that any party has
pointed out to Hicks and Fazio this error in objecting to the discovery
requests.  This error is not relevant to the analysis in this opinion, and it
does not affect the waiver by Hicks and Fazio of any other objections.





[29]  See Reiss,
118 S.W.3d at 441B42; Gulf Ins. Co., 22 S.W.3d
at 422; State Farm Lloyds, Inc. v. Williams, 791 S.W.2d 542, 546 (Tex.
App.CDallas 1990, writ denied).





[30]  Emphasis added.





[31]  In this argument, Hicks and Fazio do not assert that
any alleged assignment would be invalid under Texas law. 





[32]  The trial court has not concluded there is good
cause to excuse Hicks=s and Fazio=s
failure to assert any discovery objections.





[33]    See Tex. R. Civ. P. 193.2; Bielamowicz, 136 S.W.3d at 723.  This court
need not and does not address the extent, if any, to which Hicks=s assignment of claims is invalid because it violates
Texas public policy.  





[34]  In their argument as to how the trial court
allegedly erred by compelling Hicks to sign an authorization, Hicks and Fazio
make a conclusory statement that, even if Hicks waived the attorney-client and
work-product privileges, Fazio properly has asserted the work-product privilege
on his own.  The petition does not contain any argument or analysis in support
of this proposition, and therefore the argument is waived.  See In re
Citizens Supporting Metro Solutions, Inc., 2007 WL 4277850177, at *4.  In
addition, Hicks and Fazio do not present argument or analysis in their petition
as to how the trial court clearly abused its discretion by impliedly
determining that Taylor and Heitkamp showed that they have a substantial need
for the materials in the preparation of their case and that they are unable
without undue hardship to obtain the substantial equivalent of these materials
by other means.  See Tex. R. Civ.
P. 192.5(b); In re Bexar County Crim. Dist. Attorney=s Office,
224 S.W.3d at 187B88.  Therefore, Hicks and Fazio have waived this
argument.  In any event, as discussed above, even if Hicks and Fazio had
presented argument on this issue in their petition, the trial court did not
clearly abuse its discretion by impliedly concluding that Taylor and Heitkamp
made this showing.