ACCEPTED
12-15-00254-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/16/2015 9:22:17 AM
Pam Estes
CLERK

NO. _____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/16/2015 9:22:17 AM
PAM ESTES
Clerk

IN THE COURT OF APPEALS
FOR THE TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

IN RE INNOVATION RESOURCE SOLUTION, LLC,
*RELATOR*

Original Proceeding from Cause No. 3-42109 in the 3RD Judicial District Court
Anderson County, Texas

## PETITION FOR WRIT OF MANDAMUS

**BEAU T. SINCLAIR**
SBN: 24029835

**SINCLAIR LAW OFFICE, P.C.**
400 South Broadway, Suite 102
Tyler, Texas 75702
(903) 533-1005
(903) 533-1379 (fax)
*E-mail: efile @ sinclairlawtyler.com*

ATTORNEY FOR RELATOR, INNOVATION RESOURCE SOLUTION, LLC

**ORAL ARGUMENT NOT REQUESTED**

NO. _____

IN THECOURT OF APPEALS
FOR THE TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

IN RE INNOVATION RESOURCE SOLUTION, LLC,
*RELATOR*

Original Proceeding from Cause No. 3-42109 in the 3RD Judicial District Court
Anderson County, Texas

On Petition for Writ of Mandamus to the
3rd Judicial District Court of Anderson County, Texas

**PETITION FOR WRIT OF MANDAMUS**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW INNOVATION RESOURCE SOLUTION, LLC, Relator, and presents this Petition for Writ of Mandamus relating to the *Order Disqualifying* Jeffrey L. Coe from his representation of Relator, Innovation Resource Solution, LLC. Relator seeks immediate relief from this Honorable Court to vacate the trial court's Order Disqualifying Jeffrey L. Coe from his representation of Relator, Innovation Resource Solution, LLC.

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the action pending before the trial court, as well as the names and addresses of all trial and appellate counsel.

**Relator**
INNOVATION RESOURCE
SOLUTION, LLC

**Relators' Trial Attorney**
Jeffrey L. Coe
Attorney at Law
P.O. Box 1157
Palestine, Texas 75802
(903) 723-0331
(888) 651-6851 Fax

**Relator's Appellate Attorney**
Beau T. Sinclair
Sinclair Law Office, P.C.
400 S. Broadway Ave., Ste. 102
Tyler, Texas 75702
(903) 533-1005
(903) 533-1379

**Real Parties in Interest**
Calvin B. Smith, Connie M. Smith, and Branding Iron Investments, LLC

**Real Parties' Trial Counsel**
James Hankins
606 E. Crawford St.
Palestine, Texas 75801
(903) 729-2102
(903) 731-4732 Fax

Terry Thorn
608 E. Crawford St.
Palestine, Texas 75801
(903) 729-6087
(903) 729-7605 Fax

**Respondent**
Hon. Judge Deborah Oakes Evans

**3rd Judicial District Judge**
Anderson County Courthouse
500 N. Church St.
Palestine, Texas 75801
(903) 723-7415

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................... iii

TABLE OF CONTENTS ...................................................................... iv

INDEX OF AUTHORITIES .................................................................. v

INTRODUCTION ................................................................................ 3

RELIEF REQUESTED ......................................................................... 3

ABBREVIATIONS & RECORD REFERENCES ........................... 4

APPENDICES ...................................................................................... 4

STATEMENT OF THE CASE ............................................................. 4

STATEMENT OF JURISDICTION .................................................... 5

ISSUE PRESENTED ........................................................................... 5

STATEMENT OF FACTS .................................................................... 6

SUMMARY OF THE ARGUMENT .................................................... 7

MANDAMUS IS APPROPRIATE ....................................................... 8

ARGUMENT ....................................................................................... 9

PRAYER .............................................................................................. 15

CERTIFICATE OF COMPLIANCE ................................................... 16

CERTIFICATE OF SERVICE ............................................................ 16

CERTIFICATE OF DELIVERY ......................................................... 17

APPENDIX ...... ................................................................................... 18

# INDEX OF AUTHORITIES

## *CASES:*

*Arkla Energy Resources v. Jones*, 762 S.W.2d 694 (Tex.App.—Texarkana 1988 orig. proceeding).............................................................13

*Berger v. Lang*, 976 S.W.2d 833 (Tex.App.—Houston [1st Dist.] 1998, pet. denied) ..................................................................... 15

*Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304 (Tex.1994) .................….. 8

*Carmona v. State*, 941 S.W.2d 949 (Tex.Crim.App. 1997) ………………….. 14

*Cimarron Agric., Ltd. v. Guitar Holding Co., L.P., 209 S.W.3d 197* (Tex. App. – El Paso 2006, no pet.)......................................................... 9

*Hoggard v. Snodgrass*, 770 S.W.2d 577 (Tex.App.—Dallas 1989, orig. proceeding) .................................................................... 12

*In re Bahn*, 13 S.W.3d 865 (Tex.App.—Fort Worth 2000, orig. proceeding) ….. 12

*In re Ford Motor Co.*, 211 S.W.3d 295 (Tex. 2006) ................................. 15

*In re Nitla S.A. de C.V.*, 92 S.W.3d 419 (Tex. 2002)....................….. 12,13,15

*In re Southwestern Bell Yellow Pages*, 141 S.W.3d 229 (Tex. App. — San Antonio 2004, no pet.) ........................................................ 10

*National Medical Enterprises, Inc. v. Godbey*, 924 S.W.2d 123 (Tex. 1996) ….. 11

*NCNB Tex. Nat'l Bank v. Coker*, 765 S.W. 398 (Tex. 1989, orig. proceeding) ......................................................…..10,13,14

*Parker v. Carnahan*, 772 S.W.2d 151 (Tex.App.—Texarkana 1989, writ denied) ..................................................................... 14

*Spears v. Fourth Court of Appeals*, 797 S.W.2d 654 (Tex. 1990) …………..… 10,11

*Terrell State Hosp. v. Ashworth*, 794 S.W.2d 937 (Tex.App.—Dallas 1990, orig. proceeding) ...............................................................15

*Walker v. Packer,* 827 S.W.2d 833 (Tex. 1992) ..................................... 8,12

**STATUTES:**

Tex. Disciplinary R. Prof'l Conduct 1.06 .............................................9, 10

Tex. Gov't Code § 22.221(b) ...............................................................5

**CONSTITUTION**

Texas Constitution, article V, section 6 ........................................... 5

# INTRODUCTION

The relationship between a party in a lawsuit and his lawyer is one of the most important in law. For that reason, Texas law for 70 years prevents one party from stripping the other of his attorney, unless there is an actual conflict by which the attorney has represented both sides at various times and one representation is substantially related to the other.

# RELIEF REQUESTED

The Relator, Innovation Resource Solution, LLC, asks this Court to issue a writ of mandamus directing the trial court to vacate its order of disqualifying their attorney, Jeffery L. Coe.

## ABBREVIATIONS AND RECORD REFERENCES

❖ Innovation Resource Solution, LLC will be abbreviated as Relator.

## RECORD REFERENCES

The reporter's record was prepared by Ellen Earles, the Court Reporter for the 3rd Judicial District Court, Anderson County, Texas. A copy of the reporter's record is submitted as part of the Application for Writ of Mandamus.

## APPENDICES

Appendix 1:    Plaintiff's Original Petition

Appendix 2:    Notice of Appearance, Request for Notices and Defendant's Original Counter-claim

Appendix 3:    Motion to Disqualify Counsel

Appendix 4:    Reporter's Record from April 13, 2015 hearing

Appendix 5:    Certified Order Disqualifying Counsel

## STATEMENT OF THE CASE

On February 21, 2014, Real Parties in Interest Calvin Smith and Connie Smith filed suit against Innovation Resource Solution, LLC for slander of title as a result of a contract for the purchase of real estate being filed in the Official Public Records of Anderson County, Texas. On or about November 4, 2014, Jeffrey L. Coe entered an appearance in the case as attorney of record for Relator Innovation Resource Solution, LLC. *APPENDIX 2*. On April 13, 2015 a hearing was held and no

4

witnesses were presented at the hearing. However, one exhibit was received by the court in the April 13, 2015 hearing. See Reporter's Record, attached as *APPENDIX 4*. On that same date, the Honorable Deborah Oakes Evans, Respondent, entered an order disqualifying Jeffrey L. Coe as attorney of record for Innovation Resource Solution, LLC. *APPENDIX 5*.

## STATEMENT OF JURISDICTION

This Court possesses jurisdiction pursuant to Texas Constitution, article V, section 6, and Texas Government Code § 22.221(b) stating that "Each court of appeals…may issue all writs of mandamus…against a…judge of a district or county court in the court of appeals district." Tex. Gov't Code § 22.221(b).

## ISSUE PRESENTED

Whether the trial court abused its discretion when it disqualified Relator's (Innovation Resource Solution, LLC) attorney of record from serving as legal counsel for Relator and whether this Court should issue a writ of mandamus instructing the district court to vacate its order disqualifying Innovation Resource Solution, LLC's attorney.

## STATEMENT OF FACTS

Calvin Smith and wife, Connie Smith, are the plaintiffs in the trial court case, Cause Number 3-42109. On February 21, 2014, Calvin Smith and Connie Smith filed suit against Innovation Resource Solution, LLC for slander of title. *APPENDIX 1*. On August 22, 2014, in another cause (Cause Number 3-42239, styled *In Re: a Purported Lien or Claim Against Calvin B. Smith and Connie M. Smith*, In the 3rd Judicial District, Anderson County, Texas), Calvin Smith and Connie Smith secured an ex parte Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Claim. Cause Number 3-42239 was filed and signed on the same day. Additionally, Cause Number 3-42239 was the subject matter in which respondents and Jeffery Coe had an email line of communication and did not relate to information on Cause Number 3-42109. However, those emails were used to infer Jeffery Coe had gained information in the underlying suit without any testimony at the trial court as to the subject matter of the emails. See Attachments of *Exhibit 4 and Exhibit 5*. On November 4, 2014, Jeffrey L. Coe filed an appearance in Cause Number 3-42109 by filing a *Notice of Appearance, Request for Notices, and Defendant's Original Counter-Claim*. *APPENDIX 2*. On March 18, 2015, Calvin Smith and Connie Smith filed their Motion to Disqualify Counsel. *APPENDIX 3*. A hearing was held on April 13, 2015 on the Motion to Disqualify Counsel. At that hearing, Calvin

Smith and Connie Smith were represented by James D. Hankins and relator was represented by Jeffrey L. Coe. See Reporter's Record attached as *EXHIBIT 4*. No testimony was elicited at the hearing, however, one exhibit was presented and received into evidence constituting communications between Calvin Smith and Jeffrey L. Coe. See Reporter's Record attached as *EXHIBIT 4*, also included at an attachment in *APPENDIX 3*. On April 13, 2015, the trial court entered an order disqualifying Relator's attorney of record. *APPENDIX 5.*

## SUMMARY OF ARGUMENT

There are 70-years of case law that a party to a lawsuit has no standing to challenge his opponent's choice of lawyer when that lawyer has not represented the party. For policy and sense, Texas courts do not want a party trying to strip his opponent of their constitutionally guaranteed personal attorney relationship and protections, unless an actual conflict exists by which the attorney has represented both parties in a substantially related matter.

Here, in a slander of title suit, Calvin and Connie Smith sought disqualification of relator's attorney, because the attorney had previously consulted with Calvin and Connie Smith on a matter that involved a Purported Lien or Claim against Calvin B. Smith and Connie M. Smith. This is distinguished from the underlying action in which Innovation Recourse Solution, LLC is defending Calvin and Connie Smiths' petition alleging quiet title on real property.

The trial court abused its discretion when it entered the order disqualifying Relator's attorney since respondents failed to produce any evidence requiring disqualification. Additionally, any attorney-client privilege was waived as a result of Respondents' attorney submitting all communications between the attorney for Relator and Respondents.

Unless this Court issues a writ of mandamus, relator will lose its experienced lawyer and counsel of its choice. They have no other remedy.

## MANDAMUS IS APPROPRIATE

When a party who is subject to an improper judicial decision has no adequate remedy by appeal, mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). To obtain mandamus relief, the relator must demonstrate a clear abuse of discretion for which there is no adequate remedy at law. *Id.* at 839-840. A party establishes that no adequate remedy at law exists by showing that the party is in real danger of permanently losing its substantial rights. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex.1994).

Relator has a justiciable interest in the dispute. Relator is the defendant in the underlying cause and retained Jeffery L. Coe to represent relator in this matter. The trial court has not rendered a final order in the matter. If Jeffery L. Coe is disqualified as the attorney for relator, relator will be unable to be represented by its attorney of

8

choice. Relator specifically chose Jeffery L. Coe for representation based on the experience and knowledge Jeffery L. Coe has in this area. Innovation Resource Solution, LLC will suffer injury in being forced to proceed in litigation without its chosen attorney. Innovation Resource Solution, LLC has no adequate remedy at law.

## ARGUMENT

In most disqualification motions, the lawyer represented both sides to the current lawsuit, triggering concern by the former client, now opponent. The issue then is simply whether the prior litigation is "substantially related" to the currnt one, or whether disadvantageous confidential information will be disclosed. *See Cimarron Agric., Ltd. v. Guitar Holding Co., L.P., 209 S.W.3d 197* (Tex. App. – El Paso 2006, no pet.).

**ISSUE NO. 1: REAL PARTIES IN INTEREST FAILED TO PRODUCE ANY EVIDENCE REQUIRING DISQUALIFICATION.**

Disqualification is governed by Rule 1.06 of the Disciplinary Rules of Professional Conduct:

(a) A lawyer shall not represent opposing parties to the same litigation.

(b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:

(1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyers firm; or

9

(2) reasonably appears to be or become adversely limited by the lawyers or law firm's responsibilities to another client or to a third person or by the lawyers or law firm's own interests.

(c) A lawyer may represent a client in the circumstances described in (b) if:

(1) the lawyer reasonably believes the representation of each client will not be materially affected; and

(2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.

Tex. Disciplinary R. Prof'l Conduct 1.06, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998).

Rule 106 warns against offensive use of disqualification by one party against an opposing party in litigation: "Such an objection should be viewed with great caution . . . for it can be misused as a technique of harassment." Tex. Disciplinary Rules of Prof. Conduct 1.06, cmt. 17. The Supreme Court also takes a dim view of offensive disqualification motions, explaining, "The [Disciplinary Rule] comments . . . vehemently discourage the use of motions to disqualify as tactical weapons, as well as the unnecessary calling of an opponent's lawyer as a witness to invoke the rule's prohibition." *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 658 (Tex. 1990). Accordingly, in ruling on a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage use of disqualification as a dilatory trial tactic. *NCNB Texas National Bank v. Coker,* 765 S.W.2d 398, 399-400 (Tex. 1989); *In re*

10

*Southwestern Bell Yellow Pages*, 141 S.W.3d 229, 231, (Tex. App. — San Antonio 2004, no pet.); *see also Spears,* 797 S.W.2d at 656.

There is a two-part test for offensive disqualification motions such as the Smiths': (1) Is there an actual conflict in which the lawyer has at one time represented **both parties** to the case? (This rule triggers the standing requirement.) Only if the answer is yes do we proceed to the second question: (2) Is the current litigation "substantially related" to the prior litigation? *See, e.g., National Medical Enterprises, Inc. v. Godbey,* 924 S.W.2d 123, 132, 39 Tex. Sup. Ct. J. 698 (Tex. 1996); *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex. 1990).

In the case at hand, counsel for respondents offered email correspondence without providing any insight or description about the communication. The Court then looked at a few emails and inferred that these emails were substantially related to the matter at hand. At the April 13, 2015 hearing, no testimony was elicited on the nature of the emails or whether they were in anyway related to the case at hand. As previously mentioned, the right of a party to choice the counsel that they believe gives them the best opportunity in litigation is a very important right. Simply examining emails that respondent believes to be substantially related to a different matter should not rise to the level of disqualifying an attorney. The trial court does not specifically identify the subject matter of communication or conduct that relates to the current litigation. Prior emails directed at a current party in opposition without

11

any background information cannot be proof that the discussions related to the same matter. This Honorable Court should vacate the order disqualifying attorney as no evidence was presented that would lead the trial court to conclude that the matters were substantially related or that a conflict existed.

**ISSUE NO. 2: ANY ATTORNEY CLIENT PRIVILEGE WAS WAIVED BY REAL PARTIES IN INTEREST.**

The Texas Supreme Court has established a two-pronged test in order to determine whether a relator is entitled to the remedy of mandamus: 1) the trial court has clearly abused its discretion; and 2) relator has no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833 839-840 (Tex. 1992). The granting or denial of a motion to disqualify is reviewable by mandamus. *In re Bahn*, 13 S.W.3d 865, 872 (Tex.App.—Fort Worth 2000, orig. proceeding). The disqualification of counsel also renders remedy by appeal inadequate. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). There is also no interlocutory appeal available from the trial court's interlocutory order on a disqualification motion. *Hoggard v. Snodgrass*, 770 S.W.2d 577, 571 (Tex.App.—Dallas 1989, orig. proceeding). The standard of review to apply is whether the lower court committed an abuse of discretion. *Walker* at 839. A clear abuse of discretion occurs when a court reaches a decision so arbitrary and unreasonable so as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Id.*

Attorney disqualification should only be applied judiciously and with caution since it can be used as an instrument of harassment. *Arkla Energy Resources v. Jones*, 762 S.W.2d 694, 695 (Tex.App.—Texarkana 1988, orig. proceeding). The proper procedural mechanism for challenging an attorney's representation of a client is a motion to disqualify. *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W. 398, 399 (Tex. 1989, orig. proceeding). Additionally, in deciding whether disqualification of counsel is proper, the trial court must determine whether the matters embraced within the pending suit are substantially related to the factual matters involved in the previous suit. *NCNB Tex. Nat'l Bank* at 399-400. The movant must establish that the opposing lawyer's conduct caused actual prejudice that requires disqualification. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). The movant must prove the existence of a prior attorney-client relationship in which the factual matters involved were so related to the facts in the pending litigation that it creates a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary. *NCNB Tex. Nat'l Bank* at 400. Real Parties in Interest failed to produce any evidence that any prejudice resulting from the alleged limited communication that occurred. Trial counsel for Real Parties in Interest could not in good faith have introduced all email communications at issue with the belief that attorney-client privileged information was contained therein. Relator believes that the only reason for the attempt at disqualification is to prevent Relator from exercising his preference

13

and choice of trial counsel, and not because any legitimate argument exists as to grounds for disqualification. Texas courts have found that a movant "must show that there is a specifically identifiable appearance of the occurrence of improper conduct and the likelihood of public suspicion or obloquy outweighs the social interest in obtaining counsel of one's choice." *Id.* At 237 (quoting *Hoggard v. Snodgrass,* 770 S.W.2d 577 (Tex.App.—Dallas 1989, no writ). Real Parties in Interest failed to show any actual prejudice resulting from opposing lawyer's service in the underlying cause. Further, it is not enough that a meeting occurred between the purported client and attorney or that the attorney makes statements to the alleged client regarding possible legal consequences. *Parker v. Carnahan,* 772 S.W.2d 151, 156 (Tex.App.—Texarkana 1989, writ denied).

In the case at hand, Calvin Smith and Corrie Smith, admitted into evidence all alleged attorney-client privileged materials, thereby waiving any attorney client privilege. On April 13, 2015, the communications between Real Parties in Interest and opposing attorney were submitted into evidence by their attorney James D. Hankins. The power to waive the attorney client privilege belongs to the client, his agent, or agent acting with the client's authority. *Carmona v. State,* 941 S.W.2d 949, 953 (Tex.Crim.App. 1997). Any privilege that may have existed was waived when the Real Parties in Interest, by and through their attorney of record, voluntarily submitted the alleged privileged information into evidence without objection and

without any limitation on its accessibility or use. *In re Ford Motor Co.*, 211 S.W.3d 295, 301 (Tex. 2006); *Berger v. Lang*, 976 S.W.2d 833 (Tex.App.—Houston [1st Dist.] 1998, pet. denied); and *Terrell State Hosp. v. Ashworth*, 794 S.W.2d 937, 941 (Tex.App.—Dallas 1990, orig. proceeding). The documents are now public record. Disqualification is a harsh remedy, and in considering a motion to disqualify, "the trial court must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic." *In re Nitla S.A. de C.V.*, at 422. This Honorable Court should vacate the order disqualifying attorney as any attorney-client privilege was waived by Calvin and Connie Smith.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, for all the reasons briefed and set forth herein and in the interests of justice and fairness, Relator prays this Court grant its Petition for Writ of Mandamus, and order the 3rd Judicial District Court in and for Anderson County, Texas, to vacate the order disqualifying Jeffrey L. Coe as attorney for Relator and for all further relief to which Relator is legally entitled.

Respectfully submitted this 16 day of Ocotber, 2015.

**SINCLAIR LAW OFFICE**

By: _____
**Beau T, Sinclair**
SBN: 24029835
400 South Broadway, Suite 102
Tyler, Texas 75702
(903) 533-1005
(903) 533-1379 (Fax)
*E-mail: beau@sinclairlawtyler.com*

## CERTIFICATE OF COMPLIANCE

**COMES NOW**, Beau T. Sinclair, Attorney for Relator, and hereby certifies that the Petition for Writ of Mandamus contains 3,740 words including the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, issues presented, signature, certificate of compliance and certificate of delivery.

_____
Beau T. Sinclair
Attorney at Law

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading has been served on each attorney of record or parties as required by the Texas Rules of Civil Procedure.

_____
Beau T. Sinclair
Attorney at Law

## CERTIFICATE OF DELIVERY

A true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Appellate Procedure via Fax Delivery on this the __16th__ day of October, 2015, upon the following:

VIA FACSIMILE DELIVERY
Honorable Deborah Oakes Evans
87th Judicial District Judge
500 N. Church St.
Palestine, Texas 75801

VIA FACSIMILE DELIVERY
James Hankins
606 E. Crawford St.
Palestine, Texas 75801
(903) 729-2102
(903) 731-4732 Fax

VIA FACSIMILE DELIVERY
Terry Thorn
608 E. Crawford St.
Palestine, Texas 75801
(903) 729-6087
(903) 729-7605 Fax

VIA FACSIMILE DELIVERY
Jeffery L. Coe
1000 N. Church St.
P.O. Box 1157
Palestine, Texas 75802
(903) 723-0331
(903) 651-6851 Fax

Beau T. Sinclair
Attorney at Law

# APPENDIX 1

NO. 3-42109

| CALVIN B. SMITH AND CONNIE M. SMITH | § | IN THE DISTRICT COURT |
|---|---|---|
| VS. | § | 3rd JUDICIAL DISTRICT |
| INNOVATION RESOURCE SOLUTON, L.L.C. | § | ANDERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT;

Now comes, CALVIN B. SMITH and CONNIE M. SMITH, hereinafter called Plaintiffs, complaining of and about INNOVATION RESOURCE SOLUTION, L.L.C., hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiffs intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.     Plaintiff, CALVIN B. SMITH, is an individual, whose address is 1619 Sam Houston Avenue, Huntsville, Texas 77340.

3.     Plaintiff, CONNIE M. SMITH, is an individual, whose address is 1619 Sam Houston Avenue, Huntsville, Texas 77340.

4.     The last three numbers of CALVIN B. SMITH's driver's license are 229. The last three numbers of CALVIN B. SMITH's social security number are 975. The last three numbers of CONNIE M. SMITH's driver's license are 533. The last three numbers of CONNIE M. SMITH's social security number are 566.



True and correct copy of a document on file at Anderson County, Texas Janice Staples, District Clerk Page ___ of ___

5. As used herein, "Plaintiffs" shall include not only named Plaintiffs, but also persons whose claims are being represented by a Plaintiff.

6. Defendant, INNOVATION RESOURCE SOLUTION, L.L.C.,, is a Texas limited liability company and may be served with process by serving its registered agent, Timothy A. Wagner, at 6300 Ridglea Place, Suite 100, Fort Worth, TX 76116-5700.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action to quiet title puprsuant to Article V, Section 8 of the Texas Constitution and Section 26.043(8) of the Texas Government Code.

8. Venue in Anderson County is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property located in Anderson County, Texas.

## FACTS

9. This is an action to quiet title on real property, hereafter referred to as "the Property", described as follows: All that certain lot, tract, or parcel of land being more fully described on Exhibit A attached hereto, incorporated herein, and made a part hereof for all purposes.

10. Plaintiffs are the rightful owners entitled to possession of the Property.

11. Defendant, INNOVATION RESOURCE SOLUTION, L.L.C., purports to have an adverse claim or interest in the property that operates as a cloud on Plaintiffs' title to the Property. The nature of Defendant's interest in the

- 2 -


True and correct copy of a document on file at Anderson County, Texas Janice Staples, District Clerk Page _____ of _____

property is a claim of a right to purchase a portion of the property arising under an unenforceable and unexecuted unimproved property contract. Defendant has recorded a Notice of Unimproved Property Contract in the Official Public Records of Real Property of Anderson County, Texas. The notice is recorded in Vol. 2394, Page 518, Official Public Records of Anderson County, Texas, a copy of which is attached hereto as Exhibit B.

12. The claim or interest of Defendant, INNOVATION RESOURCE SOLUTION, L.L.C., is invalid, unenforceable or without right against Plaintiffs because the document that purports to be a contract is, in fact, not a contract because it was not executed by all of the necessary parties. In addition, the document is not enforceable because it deals with real estate and does not have a valid legal description of the property that satisfies the statute of frauds.

## DECLARATORY JUDGMENT

13. Pursuant to Section 37.001 et seq of the Texas Civil Practice and Remedies Code, Plaintiffs request a declaratory judgment that plaintiffs are the sole and rightful owners of the Property and that the document at issue in this case be declared to be null and void, unenforceable and cancelled.

## ATTORNEY'S FEES

14. Pursuant to Section 37.0089 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable attorney's fees incurred by Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

- 3 -


True and correct copy of a
document on file at
Anderson County, Texas
Janice Staples, District Clerk
Page 2 of 10

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendant be cited to appear and answer, and that on final trial, the Court grant Plaintiffs' judgment quieting title to the Property and removing cloud on Plaintiffs' title, declaratory judgment, award of attorney's fees and costs and any other relief at law or in equity to which Plaintiffs are entitled.

Respectfully submitted,

LAW OFFICES OF TERRY M. THORN
608 E. Crawford Street
Palestine, Texas 75801
Tel: 903-729-6087
Fax: 903-729-7605

By:_____
　　　　Terry M. Thorn
　　　　State Bar No. 19965500
ATTORNEY FOR PLAINTIFFS

True and correct copy of a
Document on file of
Anderson County, Texas
Janice Staples, District Clerk
Page 4 of 10

- 4 -

## EXHIBIT "A"

All that certain lot, tract or parcel of land situated in Anderson County, Texas on the George Anding League, A-3 and being a part of the 22.561 acre tract conveyed to Calvin Beri Smith and Connie M. Smith by Secure Covenant Interests, Ltd. By deed dated March 25, 2011 and recorded in Volume 2243, Page 420 of the Official Public Records of Anderson County, Texas and also being a part of the same 22.561 acre tract described in Deed of Trust with the Veterans Land Board, Current Trust Holder Calvin Beri Smith and Connie M. Smith, Loan Number 3900117239 dated March 25, 2011 and recorded in Volume 2243, Page 425 of the Official Public Records of Anderson County, Texas. Said lot, tract or parcel of land being more particularly described by metes and bounds as follows:

BEGINNING at a PK nail found in County Road 453 at the Southeast corner of the 22.561 acre tract, the Southwest corner of the residue of a 238.864 acre tract recorded in Volume 1781, Page 803 and the Westerly Northwest corner of the Pine Mountain Ranch, Ltd. 199.46 acre tract recorded in Volume 1877, Page 552 and the Northeast corner of the Jon Craig 10.06 acre tract recorded in Volume 2346, Page 471;

THENCE NORTH 87 degrees 32 minutes 56 seconds West 311.23 feet to a ½" iron rod set at the Southeast corner of a 5.547 acre tract surveyed this date, in the South line of the 22.561 acre tract and North line of the 10.06 acre tract;

THENCE NORTH 8 degrees 34 minutes 24 seconds West 1236.61 feet to a ½" iron rod set at cross-tie fence corner at the Northeast corner of the 5.547 acre tract;

THENCE NORTH 88 degrees 27 minutes 52 seconds West 109.43 feet to a ½" iron rod found at the Northwest corner of the 5.547 acre tract and the Northeast corner of the Jon Craig 21.742 acre tract recorded in Volume 2346, Page 471 and the Southern Southeast corner of a 49.743 acre tract surveyed previously;

THENCE NORTH 0 degrees 14 minutes 50 seconds West 412.27 feet to a ½" iron rod found at the Northwest corner of the 22.561 acre tract and an ell corner of the 49.743 acre tract;

THENCE NORTH 89 degrees 45 minutes 10 seconds East 599.33 feet to a ½" iron rod found at the Northeast corner of the 22.561 acre tract, the Southeast corner of the 49.743 acre tract and in the West line of the residue of 238.864 acre tract recorded in Volume 1781, Page 803;

THENCE SOUTH 0 degrees 14 minutes 50 seconds East 1653.90 feet to the place of beginning and containing 17.014 acres of land.

True and correct copy of a document on file at Anderson County, Texas Janice Staples, District Clerk

Page _____ of _____

## Exhibit B

V
O
L

2
3
9
4

P
G

0
5
1
8

THE STATE OF TEXAS §
§    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF ANDERSON §

### NOTICE OF UNIMPROVED PROPERTY CONTRACT

THIS NOTICE OF UNIMPROVED PROPERTY CONTRACT (the "Memorandum") shall serve as notice of that certain Unimproved Property Contract dated January 11, 2014 (hereinafter, the "Contract") entered into by and between Calvin B. Smith and Connie M. Smith, Individually, a married couple (hereinafter, collectively referred to as "Seller") and Innovation Resource Solution, LLC, a Texas limited liability company (hereinafter referred to as "Purchaser"). Both this Memorandum and the Contract relate to that certain tract of land being, to wit:

approximately 5.67 acres of land at C. R. 453, Anderson County, Texas, out of the 22.561 acres of land situated in Anderson County, Texas on the George Anding League, A-3 and being a part of the 225.345 acre tract conveyed to Secure Covenant Interests, Ltd. By Daniel R. Dore, Jr. and wife Nancy R. Dore by deed dated April 14, 2010 and recorded in Volume 2200, Page 286 of the Official Public Records of Anderson County, Texas, aka A0003 Anding, George Block 1551, Tract 1 (Lot 8A), (VLB #000204374).

being more particularly described in Exhibit "A", which is attached hereto and incorporated herein by reference for all purposes as if set forth in full (hereinafter, the "Property"). The Contract sets forth specific terms, obligations and covenants of the parties.

THIS MEMORANDUM SHALL SERVE AS NOTICE TO ANY AND ALL PARTIES THAT THE PROPERTY IS UNDER CONTRACT PURSUANT TO THE TERMS OF THE CONTRACT.

IN WITNESS WHEREOF, the Purchaser has caused this NOTICE OF UNIMPROVED PROPERTY CONTRACT to be executed on this the 28th day of January, 2014.

INNOVATION RESOURCE SOLUTION, LLC

By: _____
Tim A. Wagner, Partner

NOTICE OF UNIMPROVED PROPERTY CONTRACT
650352

True and correct copy of a
document on file at
Anderson County, Texas
Janice Staples, District Clerk
Page ___ of ___

STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Tim A. Wagner, Partner of INNOVATION RESOURCE SOLUTION, LLC, a Texas limited liability company, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _26ᵀᴴ_ day of January, 2014.



NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

**AFTER RECORDING RETURN TO:**

Joy H. Phillips, Esq.
Friedman & Feiger, L.L.P.
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254

NOTICE OF UNIMPROVED PROPERTY CONTRACT
650352


True and correct copy of a document on file at ... County, Texas Janice Staples, District Clerk Page: 7 of 10

**1. PARTIES:** The parties to this contract are Calvin B. Loner n. Six
and Innovation Resource Solutions, LLC,
to sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined bel(

**2. PROPERTY:** Lot 5.67 acres , Block _____
_____ Addition,
Texas, known as 5.67 acres _____, County of Anderson
(address/zip code), or as described on attached exhibit together with all rights, privileg
appurtenances pertaining thereto, including but not limited to: water rights, claims, p(
strips and gores, easements, and cooperative or association memberships (the Property).

**3. SALES PRICE:**
A. Cash portion of Sales Price payable by Buyer at closing ................. $ 0.
B. Sum of all financing described below (excluding any loan funding
fee or mortgage insurance premium) ..................................... $
C. Sales Price (Sum of A and B) ......................................... $

**4. FINANCING:** The portion of Sales Price not payable in cash will be paid as follows:
applicable boxes below)
☐ A. THIRD PARTY FINANCING: One or more third party mortgage loans in the total amo
$_____ (excluding any loan funding fee or mortgage insurance premium)
(1) Property Approval: If the Property does not satisfy the lenders' under
requirements for the loan(s) (including, but not limited to appraisal, insurabili
lender required repairs), Buyer may terminate this contract by giving notice to
prior to closing and the earnest money will be refunded to Buyer.
(2) Credit Approval: (Check one box only)
☐ (a) This contract is subject to Buyer being approved for the financing descri
the attached Third Party Financing Addendum for Credit Approval.
☐ (b) This contract is not subject to Buyer being approved for financing an(
not involve FHA or VA financing.
☐ B. ASSUMPTION: The assumption of the unpaid principal balance of one or more prom
notes described in the attached TREC Loan Assumption Addendum.
☑ C. SELLER FINANCING: A promissory note from Buyer to Seller of $
secured by vendor's and deed of trust liens, and containing the terms and cont
described in the attached TREC Seller Financing Addendum. If an owner policy c
insurance is furnished, Buyer shall furnish Seller with a mortgagee policy of title insur

**5. EARNEST MONEY:** Upon execution of contract by all parties, Buyer shall deposit $
as earnest money with _____ as escrow agent
_____ (address). Buyer shall d
additional earnest money of $_____ with escrow agent within ____ days aft
effective date of this contract. If Buyer fails to deposit the earnest money as required b
contract, Buyer will be in default.

**6. TITLE POLICY AND SURVEY:**
A. TITLE POLICY: Seller shall furnish to Buyer at ☐Seller's ☑Buyer's expense an owner's
of title insurance (Title Policy) issued by Bay G Cherry (
Company) in the amount of the Sales Price, dated at or after closing, insuring Buyer a(
loss under the provisions of the Title Policy, subject to the promulgated exclusions (inc(
existing building and zoning ordinances) and the following exceptions:
(1) Restrictive covenants common to the platted subdivision in which the Property is loca
(2) The standard printed exception for standby fees, taxes and assessments.
(3) Liens created as part of the financing described in Paragraph 4.
(4) Utility easements created by the dedication deed or plat of the subdivision in whic
Property is located.
(5) Reservations or exceptions otherwise permitted by this contract or as may be approvi
Buyer in writing.
(6) The standard printed exception as to marital rights.
(7) The standard printed exception as to waters, tidelands, beaches, streams, and re
matters.
(8) The standard printed exception as to discrepancies, conflicts, shortages in ar(
boundary lines, encroachments or protrusions, or overlapping improvements. Buy(
Buyer's expense, may have the exception amended to read, "shortages in area".

aled for identification by Buyer _____ and Seller _____ TREC f



CURRENT PARTIES AND THAT NO LICENSE HAS BEEN CREATED,
EXPRESSED OR IMPLIED TO COPY THE SURVEY EXCEPT AS IS
NECESSARY IN CONJUNCTION WITH THE ORIGINAL TRANSACTION
AND IS CERTIFIED FOR THIS TRANSACTION ONLY.

PLAT NOT VALID WITHOUT RAISED SEAL.

VOL 2394 PG 0521

N

49.740 AC.
Surveyed Previously

Fd. 1/2"
I. Rod

Fd. 1/2"
I. Rod

N89°45'10"E  599.33'
(call & actual)

Residue 238.564 AC
1761/503

Power
Pole

Guy Pole
Guy 15' East

N0°14'50"W
412.27'

N88°27'52"W
109.43'

Fd. 1/2"
I. Rod

Set 1/2" I. Rod
at fence corner

17.014
AC.

Appar. Location Ct. H-Frame Transmission Line
Centerline 138 K Power Line

State Hwy. 19

Jon Craig
21.748 AC
2346/471

Line of Directional Control
N0°16'00"E  1913.35'

S0°14'50"E  1655.00'
(call & actual)

N8°34'24"W
1236.81'
(call N0°14'08"W 1208.85' Total)

5.547 AC.
Surveyed
this date

Residue
29.581 AC.
2343/420
2343/426

Barn
16.3'

Power
Pole

Guys

Apphall Drive

Power
Pole

Guys

Tele.
Ped.

Co. Rd. 453

Tele.
Ped.

Fd. 1/2"
I. Rod

(call N87°32'56"W  600')
311.23'

N87°36'00"E
258.77'

N87°32'56"W

Fd. P.K. nail

Set 1/2"
I. Rod

Record Frontage 15' Wide Easement
2346/471
Martindale E.B.C.

Jon Craig
10.06 AC.
2346/471

Pine Mountain
Ranch, Ltd.
189.46 AC
1677/503

10.06 AC
Surveyed Previously



EXHIBIT "A"

LEGAL DESCRIPTION

V
O
L

2
3
9
4

P
G

0
5
2
2

FIELD NOTES

SECURE COVENANT INTERESTS, LTD.       GEORGE ANDING LEAGUE

22.561 ACRES                A-3

ANDERSON COUNTY, TEXAS

All that certain lot, tract or parcel of land situated in Anderson County, Texas on the George Anding League, A-3 and being a part of the 225.345 acre tract conveyed to Secure Covenant Interests, Ltd. By Daniel R. Dore, Jr. and wife Nancy R. Dore by deed dated April 14, 2010 and recorded in Volume 2200, Page 286 of the Official Public Records of Anderson County, Texas. Said lot, tract or parcel of land being more particularly described by metes and bounds as follows:

BEGINNING at a PK nail found in Anderson County Road 453, at the Northeast corner of a 10.06 acre tract surveyed previously, the South corner of a 36.342 acre residue tract of the Daniel Dore 238.864 tract recorded in Volume 1781, Page 803 and the Southeast corner of this tract; WITNESS: Found 5/8" iron rod at the Southeast corner of the 225.345 acre tract, South 4 degrees 41 minutes 28 seconds West 103.88 feet, South 1 degree 47 minutes 11 seconds West 806.30 feet and South 0 degrees 02 minutes East 1023.19 feet; WITNESS: Set ½" iron rod North 0 degrees 14 minutes 50 seconds West 114.2 feet;

THENCE NORTH 87 degrees 32 minutes 56 seconds West 600.00 feet to a ½" iron rod set at the Southwest corner of this tract and in the North line of the 10.06 acre tract;

THENCE NORTH 0 degrees 14 minutes 50 seconds West 1625.65 feet to a ½" iron rod set at the Northwest corner of this tract and an ell corner of a 49.743 acre tract surveyed this date;

THENCE NORTH 89 degrees 45 minutes 10 seconds East 599.33 feet to a ½" iron rod set at the Northeast corner of this tract and in the West line of the 36.342 acre tract;

THENCE SOUTH 0 degrees 14 minutes 50 seconds East 1653.90 feet to the place of beginning and containing 22.561 acres of land.

FILED FOR RECORD on 01/29/2014 at 01:16 PM MW
Wanda Burke, County Clerk, ANDERSON COUNTY, TX

STATE OF TEXAS
COUNTY OF ANDERSON
I, JANICE STAPLES, CLERK OF THE DISTRICT COURT OF ANDERSON
COUNTY, TEXAS DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL, AS THE SAME APPEARS ON
FILE IN THE DISTRICT COURT, ANDERSON COUNTY, TEXAS. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE THIS THE ___ DAY
OF _____ A.D. 20__
JANICE STAPLES
DISTRICT CLERK
ANDERSON COUNTY
BY _____
                    DEPUTY

# APPENDIX 2

CAUSE NO. 3-42109

| | | |
|---|---|---|
| CALVIN B. SMITH and CONNIE M. SMITH, PLAINTIFFS | § § § | IN THE DISTRICT COURT |
| V. | § § § | 3RD JUDICIAL DISTRICT |
| INNOVATION RESOURCE SOLUTION, LLC DEFENDANT | § § § § § | ANDERSON COUNTY, TEXAS |

## NOTICE OF APPEARANCE, REQUEST FOR NOTICES, AND DEFENDANT'S ORIGINAL COUNTER-CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

### NOTICE OF APPEARANCE AND REQUEST FOR NOTICES

NOW COMES JEFFREY L. COE and hereby files this Notice of Appearance of record as legal counsel for INNOVATION RESOURCE SOLUTION, LLC, and Request for Notices. JEFFREY L. COE hereby requests that the court and parties send notice of any future hearings or action that is taken in the above-styled case, and that any pleadings or other documentation filed of record in this cause be sent by the party filing said document to JEFFREY L. COE as attorney of record for INNOVATION RESOURCE SOLUTION, LLC.

### DEFENDANT'S ORIGINAL COUNTER-CLAIM

NOW COMES INNOVATION RESOURCE SOLUTION, LLC, a Texas Limited Liability Company, hereinafter called Counter-Plaintiff, complaining of and about CALVIN B. SMITH, hereinafter called Counter-Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Counter-Plaintiff, INNOVATION RESOURCE SOLUTION, LLC, LLC, is a Texas Limited Liability Company doing business in Anderson County, Texas.

2. Defendant CALVIN B. SMITH is a Texas resident that may be served with

DEFENDANT'S ORIGINAL COUNTER-CLAIM Appendix 2 Page 1 of 8 Pages

process pursuant to the Certificate of Service below.

## JURISDICTION AND VENUE

Counter-Plaintiff stipulates to the pleadings on file indicating this court has jurisdiction and venue of this matter.

## FACTS

4.      On or about January 11, 2014, Counter-Plaintiff entered into an Unimproved Property Contract for the purchase of 5.67 acres of land located at C.R. 453, Anderson County, Texas. The contract contained specific provisions relating to the financing of the purchase of the property and was prepared by Counter-Defendant Calvin B. Smith. Over the course of dealing between Counter-Plaintiff and Counter-Defendant, Counter-Defendant held himself out to be a licensed real estate agent and that he had special skills and knowledge regarding and relating to real estate transactions. Counter-Defendant had previously drafted real estate sales contracts between the parties and had made the previous representations regarding his special skills, knowledge and expertise. Counter-Plaintiff relied on these representations and executed the contract prepared by Counter-Defendant with full expectations to purchase the subject property. Counter-Plaintiff became aware when the contract was repudiated by Counter-Defendant that in fact Counter-Defendant was not a licensed real estate agent but was fraudulently using his father's real estate license since they both have the same name. Counter-Plaintiff relied to his detriment on the representations made by Counter-Defendant regarding his special skills, knowledge and expertise and that the agreement that Counter-Defendant prepared and executed conferred specific rights relating to the purchase of the property when in fact it is now claimed that the agreement did not convey any rights to Counter-Plaintiff for the purchase of the property.

5.      Counter-Plaintiff contends that Counter-Defendant has arbitrarily and capriciously negated the terms of the contract which Counter-Defendant prepared. Counter-Defendant disregarded the terms of the express contract and the verbal and written representations made to Counter-Plaintiff, and blatantly has refused to comply with the terms of the contract. Counter-Defendant engaged in a continuous course of unconscionable actions by taking advantage of the disparate bargaining position of Counter-Plaintiff from the inception of the agreement through the date of the filing of this counterclaim.

**DEFENDANT'S ORIGINAL COUNTER-CLAIM**



True and correct copy of a document on file at Anderson County, Texas Price Stapes, District Clerk

6.     Counter-Plaintiff had enjoyed a longstanding and successful business relationship with Counter-Defendant prior to execution of the contract, and but for the promise of the contract executed between the parties, Counter-Plaintiff would never have committed the time, resources, and energy into compliance with the terms and conditions set foth therein and would have sought out legal counsel to prepare his own real estate sales contract. Counter-Defendant's failure to stand by the representations made to Counter-Plaintiff has resulted in substantial financial injury to Counter-Plaintiff.

## COMMON LAW FRAUD

7.     In addition to the breach of contract set forth above, Counter-Plaintiff further shows that Counter-Defendant made material false representations to Counter-Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Counter-Plaintiff, and that Counter-Plaintiff relied on these representations to its detriment. Namely, that Counter-Plaintiff would purchase the subject property from Counter-Defendant and that Counter-Defendant was preparing a valid, enforceable written real estate sales agreement which has now been claimed to be invalid by Counter-Defendant and that Counter-Defendant possessed special skills, expertise, and knowledge in relation to real estate sales and transactions since he was a licensed real estate agent when in fact he was fraudulently using his father's real estate sales license.

8.     Counter-Plaintiff would further show that Counter-Defendant concealed or failed to disclose material facts within the knowledge of Counter-Defendant, that Counter-Defendant knew that Counter-Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Counter-Defendant intended to induce Counter-Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

9.     As a proximate result of such fraud, Counter-Plaintiff sustained damages within this court's jurisdictional limits.

## NEGLIGENT MISREPRESENTATION

10.     Counter-Plaintiff would show in the alternative that Counter-Defendant supplied false information in the course of said Counter-Defendant's business, profession or employment, or in the course of a transaction in which Counter-Defendant had a pecuniary interest, and that such information was supplied by Counter-Defendant for the guidance of Counter-Plaintiff in the

True and correct copy of a document on file at Anderson County, Texas Janice Staples, District Clerk Page ___ of 7

transactions described hereinabove. Counter-Defendant failed to exercise reasonable care or competence in obtaining or communicating such information. Counter-Plaintiff avers that Counter-Plaintiff suffered pecuniary loss which was proximately caused by Counter-Plaintiff's justifiable reliance on such information.

11. Counter-Plaintiff therefore asserts a cause of action for negligent misrepresentation against Counter-Defendant, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## BREACH OF CONTRACT

12. Counter-Plaintiff would further show that the actions and/or omissions of Defendants described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Counter-Plaintiff described hereinbelow, and for which Counter-Plaintiff hereby sues.

## DECEPTIVE TRADE PRACTICES

13. Counter-Plaintiff would show that Counter-Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged hereinbelow.

14. Unconscionable Action or Course of Action. Counter-Defendant engaged in an "unconscionable action or course of action" to the detriment of Counter-Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Counter-Plaintiff to a grossly unfair degree.

14. Violations of Section 17.46(b). Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

    (a) caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    (b) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    (c) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and



(e)     failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

15.     Producing Cause.  Counter-Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Counter-Plaintiff's damages.

16.     Reliance.  Counter-Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Counter-Plaintiff to Counter-Plaintiff's detriment.

17.     Written Notice Unable to Be Provided.  Counter-Plaintiff was unable to provide written notice to Counter-Defendant since suit was initiated by Counter-Defendant against Counter-Plaintiff and the case is currently set for trial.

## ECONOMIC AND ACTUAL DAMAGES

18.     Counter-Plaintiff sustained the economic and actual damages as a result of the actions and/or omissions of Counter-Defendants described hereinabove within the jurisdictional limits of this court.

## MULTIPLE DAMAGES

19.     As alleged hereinabove, Counter-Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Counter-Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

20.     Counter-Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Counter-Defendant specifically intended that Counter-Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

21.     Therefore, Counter-Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

22.     Counter-Plaintiff would further show that the acts and omissions of Counter-Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Counter-

**DEFENDANT'S ORIGINAL COUNTER-CLAIM**



Defendant at the expense of Counter-Plaintiff. In order to punish said Counter-Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Counter-Plaintiff also seeks recovery from Counter-Defendant for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

23. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Counter-Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code; (b) the Texas Deceptive Trade Practices Act; and (b) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By: _____
Jeffrey L. Coe
Attorney at Law
State Bar No. 24001902
1000 N. Church St.
P.O. Box 1157
Palestine, TX 75802-1157
Tel. (903) 723-0331
Fax. (888) 651-6851
Email: jeff@coelawfirm.com
Attorney for Counter-Plaintiff


True and correct copy of a document on file at Anderson County, Texas
Janice Staples, District Clerk
Page ___ of ___

**DEFENDANT'S ORIGINAL COUNTER-CLAIM**                    Page 6 of 8 Pages

## CERTIFICATE OF SERVICE

I certify that on November 4, 2014 a true and correct copy of the foregoing Defendant's Original Counter-Claim was served pursuant to the Texas Rules of Civil Procedure on opposing counsel.

Jeffrey L. Coe
Attorney for Counter-Plaintiff

True and correct copy of
document on file
Anderson County, Texas
Janice Staples, District Clerk
Page ___ of ___

THE STATE OF TEXAS
COUNTY OF ANDERSON
I, JANICE STAPLES, CLERK OF THE DISTRICT COURT OF ANDERSON
COUNTY, TEXAS DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL AS THE SAME APPEARS ON
FILE IN THE DISTRICT COURT ANDERSON COUNTY, TEXAS. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE THIS THE _____ DAY
OF _January_ A.D. 20_15_
JANICE STAPLES
DISTRICT CLERK
ANDERSON COUNTY
BY _____
DEPUTY

# APPENDIX 3

CAUSE NO. <u>3-42109</u>

| CALVIN B. SMITH AND CONNIE M. SMITH, Plaintiffs | § | IN THE THIRD JUDICIAL DISTRICT |
|---|---|---|
| | § | |
| VS. | § | COURT OF |
| | § | |
| INNOVATION RESOURCE SOLUTION, LLC, Defendant | § | ANDERSON COUNTY, TEXAS |

## <u>MOTION TO DISQUALIFY COUNSEL</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Calvin B. Smith and Connie M. Smith, Plaintiffs make this Motion to Disqualify Opposing Counsel and in support of this motion shows:

I.

Calvin B. Smith and Connie M. Smith are Plaintiffs in the above entitled cause. Innovation Resource Solution, LLC, who is represented by Jeffrey L. Coe, is the opposing party in the current cause, with interest adverse to those of movants.

II.

Jeffrey L. Coe formerly served as counsel to movant. Specifically, Jeffrey L. Coe served as counsel to movant, Calvin B. Smith in the first part of the year 2014. The matter in which Jeffrey L. Coe represented movant is the same or substantially related to the present matter in that Calvin B. Smith consulted with Jeffrey L. Coe regarding Innovation Resource Solution, LLC filing of a unsigned page of an earnest money contract of record that had the effect of slandering title to the property. After the initial

---

consultation, Mr. Coe sent email correspondence to Mr. Smith instructing him that he would need to file an action to remove the document that was slandering the title. The current lawsuit is exactly the action that Mr. Coe recommended and is now opposing. The two matters have the following issues in common: The filing by the Defendant of a single page of the alleged earnest money contract is a filing of an illegal document under the law. This filing slanders Plaintiffs' title. The Defendant is liable to Plaintiffs for statutory damages and attorneys' fees. The nature of the former representation is supported by email correspondence from Jeffrey L. Coe attached hereto as Exhibit A.

III.

In the course of the representation of movant, Jeffrey L. Coe obtained confidential information that he could use to the disadvantage of movant in the current matter. Movant has never consented, expressly or impliedly, to the disclosure or use of any information obtained in the course of the former representation, and objects to Jeffrey L. Coe serving in this matter.

THEREFORE, Calvin B. Smith and Connie M. Smith pray for this matter to be set for hearing and that on final hearing the court rule that Jeffrey L. Coe is disqualified from serving as counsel in this matter, that no work product generated prior to this motion be made available to new counsel, and for such other and further relief to which movant may be justly entitled.

Respectfully submitted,

LAW OFFICES OF JAMES D. HANKINS
606 E. Crawford Street
Palestine, TX 7582
Telephone: (903) 729-2102
Fax: (903) 731-4732

By:_____
 JAMES D. HANKINS
 State Bar No. 08912300
 Email:jdh@jameshankinslaw.com
 Attorney for Plaintiffs


LAW OFFICE OF TERRY M. THORN
608 E. Crawford Street
Palestine, TX 75801
Tel: (903)729-6087
Fax: (903)729-7605

 TERRY M. THORN
 Texas Bar No. 19965500
 Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served in accordance with the Texas Rules of Civil Procedure on March __18__, 2015.

_____
 James D. Hankins
 Email: jdh@jameshankinslaw.com

On Tuesday, February 11, 2014 3:35 PM, Jeffrey L. Coe <jeff@coelawfirm.com> wrote:

Mr. Smith,

You sent me everything I need to file the motion to remove the improper/invalid lien. Just need to make payment arrangements and I will file this tomorrow. I will need you to sign the verified pleading. I have court in the District Court on Friday and will approach the judge with the order then and get it signed and filed and back to you.

Jeffrey L. Coe
Attorney at Law
Law Office of Jeffrey L. Coe
1000 N. Church St. (75801)
P. O. Box 1157
Palestine, TX 75802-1157
(888) 651-6851 Toll Free
(903) 723-0331 Phone
(888) 651-6851 Fax
Email jeff@coelawfirm.com

CONFIDENTIALITY: This email, and any attachments, are intended only for use by the addressee or addresses named herein and may contain legally privileged or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, or copying of this email or of any attachments hereto is strictly prohibited. If you have received this email in error, please delete the original, any copy of this email or attachment, and any printout thereof and notify the sender immediately.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING: Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary herein, this email message, its contents, and any attachments are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, the Law Office of Jeffrey L. Coe, any of its clients, or any other person or entity.

From: Calvin Smith [mailto:cal00ansc@yahoo.com]
Sent: Tuesday, February 11, 2014 11:31 AM
To: Jeff Coe
Subject: Current Survey

1

On Monday, February 17, 2014 4:54 PM, Jeffrey L. Coe <jeff@coelawfirm.com> wrote.

I'll get in touch with Jackson.

Jeffrey L. Coe
Attorney at Law
Law Office of Jeffrey L. Coe
1000 N. Church St. (75801)
P. O. Box 1157
Palestine, TX 75802-1157
(888) 651-6851 Toll Free
(903) 723-0331 Phone
(888) 651-6851 Fax
Email jeff@coelawfirm.com

CONFIDENTIALITY: This email, and any attachments, are intended only for use by the addressee or addresses named herein and may contain legally privileged or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, or copying of this email or of any attachments hereto is strictly prohibited. If you have received this email in error, please delete the original, any copy of this email or attachment, and any printout thereof and notify the sender immediately.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING: Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary herein, this email message, its contents, and any attachments are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, the Law Office of Jeffrey L. Coe, any of its clients, or any other person or entity.

From: C Smith [mailto:aggielending@gmail.com]
Sent: Friday, February 14, 2014 4:56 PM
To: jeff@coelawfirm.com
Subject: Fwd: Release of EMC

Please see below. We thought we had this all worked out, but looks like we are wrong. I spoke to Jackson Hanks and he said he will discuss with you the situation. I want to make sure we get this handled so his underwriters will issue a title policy on the cash sale.

1

Thanks, C

Begin forwarded message:

> **From:** "Tim Wagner" <tim.wagner@iresourcesolution.com>
> **Date:** February 14, 2014 at 1:28:15 PM CST
> **To:** <aggielending@gmail.com>, "mark mullin" <markmullin@hotmail.com>
> **Cc:** "Joy Phillips" <JPhillips@fflawoffice.com>
> **Subject: RE: Release of EMC**
>
> Calvin & Mark,
>
> I am in receipt the Release of EMC by your Title Company. Innovation Resource Solution (INNOVATION) is willing to entertain a monetary settlement for our Release of Claim.
>
> As you are aware, this matter has weighed heavy on my heart and there has been much discussion regarding personal beliefs and desires to be Christ-like both in spirit and nature. I believe that applies to all parties. I also have responsibilities to our investors. The property is both strategic and vital to INNOVATION's agriculture plan.
>
> With regards to the Smith's, INNOVATION has suffered damages and is entitled to their right to purchase the land as per the contract or be compensated for damages.
>
> As Mark stated, "Calvin never should have taken it this far" but that was Calvin's choice. Calvin is experience and licensed in real estate transactions, agricultural lending, and should be held accountable rather than rewarded for his actions.
>
> Absent of a Settlement, INNOVATION will continue to pursue its CLAIM of the property and pursue every legal remedy at its disposal by all lawful means that have been previously stated by our Legal Counsel.
>
> Respectfully,
>
> *Tim A. Wagner*
>
> Innovation Resource Solution, LLC
> 6300 Riglea Place, Suite 100
> Fort Worth, TX 76116
>
> Ph: (972) 793-2298
> e-fax: (866) 354-8604

The information in this message is the property of Innovation Resource Solution, LLC. This message is intended only for the use of the addressee named above and may contain legally privileged and/or confidential information. If you are not the intended recipient of this message, you are hereby notified that any use, dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, please notify us immediately by telephone or return e-mail and delete the message, all copies thereof and any attachments. We thank you for your cooperation.

2

**From:** mark mullin [mailto:markmullin@hotmail.com]
**Sent:** Thursday, February 13, 2014 2:59 PM
**To:** tim.wagner@iresourcesolution.com
**Subject:** FW: Release of EMC

Tim:

In answer to your question about what are you being asked to do, the title company is asking that you execute this document and have it notarized.

Let me know if I can help.

Thanks,
Mark Mullin

---

**Subject:** Fwd: Release of EMC
**From:** aggielending@gmail.com
**Date:** Thu, 13 Feb 2014 10:48:16 -0600
**To:** markmullin@hotmail.com

FYI

Begin forwarded message:

> **From:** Rebekah Cannon <rebekah.cannon@texasfirsttitle.com>
> **Date:** February 13, 2014 at 9:01:54 AM CST
> **To:** "aggielending@gmail.com" <aggielending@gmail.com>
> **Cc:** Mary Arie <mary.arie@texasfirsttitle.com>
> **Subject:** Release of EMC
>
> Mr. Smith,
>
> Here is the Release of Earnest Money Contract. Mary asked me to forward this to you. If you have any questions, please let us know.
> Thank you,
> Rebekah Cannon
> Escrow Assistant
>
> Texas First Title Company, LLC
> 601 E. Lacy Street
> Palestine, Texas 75801
> 903.723.5393 – Office
> 903.731.4739 – Fax
> Rebekah.cannon@texasfirsttitle.com

3

CONFIDENTIALITY NOTICE: This message is for the benefit of the named person(s) only. It may contain confidential, proprietary or legally privileged information. No confidentiality or other privilege is waived or lost by any mis-transmission. Do not directly or indirectly use, disclose, distribute, print or copy any part of the message transmitted if your are not the intended recipient. If you receive this message in error, please immediately delete it and all copies of it from your system, destroy all hard copies and notify the sender of its receipt.

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4259 / Virus Database: 3697/7088 - Release Date: 02/12/14

4

# APPENDIX 4

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NO. 3-42109

CALVIN B. SMITH, CONNIE M.   )   IN THE DISTRICT COURT
SMITH,                       )
                             )
                             )
        Plaintiffs,          )
                             )
VS.                          )   ANDERSON COUNTY, TEXAS
                             )
                             )
INNOVATION RESOURCE          )
SOLUTION, L.L.C.,            )
                             )
                             )
        Defendants.          )   3RD JUDICIAL DISTRICT
                             )

--------------------------------

MOTION TO DISQUALIFY

--------------------------------

On the 13th day of April, 2015, the following proceedings came on to be heard in the above-entitled and -numbered cause before the Honorable Deborah Oakes Evans, Judge presiding, held in Palestine, Anderson County, Texas;

Proceedings reported by machine shorthand.

# APPEARANCES

FOR THE PLAINTIFFS:

Mr. James Hankins
LAW OFFICE OF JAMES D. HANKINS
606 East Crawford Street
Palestine, Texas 75801
Telephone: (903) 729-2102
SBOT NO. 08912300


FOR THE DEFENDANTS:

Mr. Jeffery Coe
LAW OFFICE OF JEFFERY COE
1000 North Church Street
Palestine, Texas 75801
Telephone: (903) 723-0331
SBOT NO. 24001902

INDEX
VOLUME 1 OF 1 VOLUMES
(MOTION TO DISQUALIFY)

APRIL 13, 2015

|                                 | Page | Vol. |
|---------------------------------|------|------|
| Court's Ruling..................................... | 5 | 1 |
| End of proceedings.......................... | 6 | 1 |
| Court Reporter's Certificate................ | 7 | 1 |

EXHIBIT INDEX

PLAINTIFFS'

| NO. | DESCRIPTION | OFFERED | ADMITTED | VOL. |
|-----|-------------|---------|----------|------|
| A | E-mails | 4 | 5 | 1 |

PROCEEDINGS

(Open court)

THE COURT: Okay. I know I got a -- let me go ahead and call this one because I know it's going to take all of a second, and then I'll do the plea. Calvin Smith and Innovation Resource.

MR. HANKINS: Yes, Judge.

THE COURT: The rest of y'all can have a seat.

MR. HANKINS: I represent Mr. Smith.

THE COURT: That's 3-42109. Let me have the file. Okay. I had a hearing on a Motion to Disqualify Mr. Coe as counsel. Correct?

MR. HANKINS: Correct.

THE COURT: That was -- there was a writ filed?

MR. HANKINS: Yes, he took -- on procedural matters, and it's been -- that was held as moot because the Court entered an order rescinding that first order so we could do it and get the evidence in.

THE COURT: Okay. And what is the evidence?

MR. HANKINS: It's Exhibit A. It's the e-mails from Mr. Coe to my client.

THE COURT: Those are the ones that I

actually already reviewed, correct --

MR. HANKINS: Yes.

MR. COE: Yes, Your Honor.

THE COURT: -- when I made my initial decision?

MR. HANKINS: Right.

MR. COE: Yes, Judge, you've already reviewed those, and I don't have any objection to the e-mails.

THE COURT: Okay. Exhibit A is admitted into evidence.

MR. HANKINS: So the test is this is substantially related to the very case --

THE COURT: It is, I mean, and I'd like to keep you on the case, Mr. Coe, but I just -- I thought he was disqualified. That's why I entered the order to begin with. I still think you're disqualified.

MR. COE: That's fine, Judge. I understand.

THE COURT: So I'm signing the order disqualifying you, and then hopefully we can get somebody else on the case pretty soon, and then thereafter we can get the trial date set. Okay?

MR. HANKINS: Thank you, Your Honor.

THE COURT: Let me get this signed, I'll

give that to y'all, and then I'll take up the plea.

(End of proceedings)

REPORTER'S CERTIFICATE

THE STATE OF TEXAS  )
COUNTY OF ANDERSON  )

I, Ellen Earles, Deputy Official Court Reporter in and for the 3rd District Court of Anderson County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and -numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid by _____.

WITNESS MY OFFICIAL HAND this the 15th day of September, 2015.

Ellen Earles, Texas CSR #9101
Expiration Date:  12/31/2015
Susan Waldrip Court Reporting
PO Box 1507
Fairfield, Texas 75840
Telephone:  (903) 389-4827
Fax:  (903) 389-4310

On Tuesday, February 11, 2014 3:35 PM, Jeffrey L. Coe <jeff@coelawfirm.com> wrote:

Mr. Smith,

You sent me everything I need to file the motion to remove the improper/invalid lien. Just need to make payment arrangements and I will file this tomorrow. I will need you to sign the verified pleading. I have court in the District Court on Friday and will approach the judge with the order then and get it signed and filed and back to you.

Jeffrey L. Coe
Attorney at Law
Law Office of Jeffrey L. Coe
1000 N. Church St. (75801)
P. O. Box 1157
Palestine, TX 75802-1157
(888) 651-6851 Toll Free
(903) 723-0331 Phone
(888) 651-6851 Fax
Email jeff@coelawfirm.com

CONFIDENTIALITY: This email, and any attachments, are intended only for use by the addressee or addresses named herein and may contain legally privileged or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, or copying of this email or of any attachments hereto is strictly prohibited. If you have received this email in error, please delete the original, any copy of this email or attachment, and any printout thereof and notify the sender immediately.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING: Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary herein, this email message, its contents, and any attachments are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, the Law Office of Jeffrey L. Coe, any of its clients, or any other person or entity.

From: Calvin Smith [mailto:cal00ansc@yahoo.com]
Sent: Tuesday, February 11, 2014 11:31 AM
To: Jeff Coe
Subject: Current Survey

1



PLAINTIFF'S
EXHIBIT
A
EE    4-13-15
PENGAD 800-631-6989

Exhibit A
Page 1 of 5

On Monday, February 17, 2014 4:54 PM, Jeffrey L. Coe <jeff@coelawfirm.com> wrote

I'll get in touch with Jackson.

Jeffrey L. Coe
Attorney at Law
Law Office of Jeffrey L. Coe
1000 N. Church St. (75801)
P. O. Box 1157
Palestine, TX 75802-1157
(888) 651-6851 Toll Free
(903) 723-0331 Phone
(888) 651-6851 Fax
Email jeff@coelawfirm.com

CONFIDENTIALITY: This email, and any attachments, are intended only for use by the addressee or addresses named herein and may contain legally privileged or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, or copying of this email or of any attachments hereto is strictly prohibited. If you have received this email in error, please delete the original, any copy of this email or attachment, and any printout thereof and notify the sender immediately.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING: Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary herein, this email message, its contents, and any attachments are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, the Law Office of Jeffrey L. Coe, any of its clients, or any other person or entity.

**From:** C Smith [mailto:aggielending@gmail.com]
**Sent:** Friday, February 14, 2014 4:56 PM
**To:** jeff@coelawfirm.com
**Subject:** Fwd: Release of EMC

Please see below. We thought we had this all worked out, but looks like we are wrong. I spoke to Jackson Hanks and he said he will discuss with you the situation. I want to make sure we get this handled so his underwriters will issue a title policy on the cash sale.

1

Thanks, C

Begin forwarded message:

> **From:** "Tim Wagner" <tim.wagner@iresourcesolution.com>
> **Date:** February 14, 2014 at 1:28:15 PM CST
> **To:** <aggielending@gmail.com>, "mark mullin" <markmullin@hotmail.com>
> **Cc:** "Joy Phillips" <JPhillips@fflawoffice.com>
> **Subject:** RE: Release of EMC
>
> Calvin & Mark,
>
> I am in receipt the Release of EMC by your Title Company. Innovation Resource Solution (INNOVATION) is willing to entertain a monetary settlement for our Release of Claim.
>
> As you are aware, this matter has weighed heavy on my heart and there has been much discussion regarding personal beliefs and desires to be Christ-like both in spirit and nature. I believe that applies to all parties. I also have responsibilities to our investors. The property is both strategic and vital to INNOVATION's agriculture plan.
>
> With regards to the Smith's, INNOVATION has suffered damages and is entitled to their right to purchase the land as per the contract or be compensated for damages.
>
> As Mark stated, "Calvin never should have taken it this far" but that was Calvin's choice. Calvin is experience and licensed in real estate transactions, agricultural lending, and should be held accountable rather than rewarded for his actions.
>
> Absent of a Settlement, INNOVATION will continue to pursue its CLAIM of the property and pursue every legal remedy at its disposal by all lawful means that have been previously stated by our Legal Counsel.
>
> Respectfully,
>
> *Tim A. Wagner*
>
> Innovation Resource Solution, LLC
> 6300 Riglea Place, Suite 100
> Fort Worth, TX 76116
>
> Ph: (972) 793-2298
> e-fax: (866) 354-8604

The information in this message is the property of Innovation Resource Solution, LLC. This message is intended only for the use of the addressee named above and may contain legally privileged and/or confidential information. If you are not the intended recipient of this message, you are hereby notified that any use, dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, please notify us immediately by telephone or return e-mail and delete the message, all copies thereof and any attachments. We thank you for your cooperation.

2

**From:** mark mullin [mailto:markmullin@hotmail.com]
**Sent:** Thursday, February 13, 2014 2:59 PM
**To:** tim.wagner@iresourcesolution.com
**Subject:** FW: Release of EMC

Tim:

In answer to your question about what are you being asked to do, the title company is asking that you execute this document and have it notarized.

Let me know if I can help.

Thanks,
Mark Mullin

---

**Subject:** Fwd: Release of EMC
**From:** aggielending@gmail.com
**Date:** Thu, 13 Feb 2014 10:48:16 -0600
**To:** markmullin@hotmail.com

FYI

Begin forwarded message:

> **From:** Rebekah Cannon <rebekah.cannon@texasfirsttitle.com>
> **Date:** February 13, 2014 at 9:01:54 AM CST
> **To:** "aggielending@gmail.com" <aggielending@gmail.com>
> **Cc:** Mary Arie <mary.arie@texasfirsttitle.com>
> **Subject:** Release of EMC
>
> Mr. Smith,
>
>      Here is the Release of Earnest Money Contract. Mary asked me to forward this to you. If you have any questions, please let us know.
> Thank you,
> Rebekah Cannon
> Escrow Assistant
>
> Texas First Title Company, LLC
> 601 E. Lacy Street
> Palestine, Texas 75801
> 903.723.5393 – Office
> 903.731.4739 – Fax
> Rebekah.cannon@texasfirsttitle.com

3

CONFIDENTIALITY NOTICE: This message is for the benefit of the named person(s) only. It may contain confidential, proprietary or legally privileged information. No confidentiality or other privilege is waived or lost by any mis-transmission. Do not directly or indirectly use, disclose, distribute, print or copy any part of the message transmitted if your are not the intended recipient. If you receive this message in error, please immediately delete it and all copies of it from your system, destroy all hard copies and notify the sender of its receipt.

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4259 / Virus Database: 3697/7088 - Release Date: 02/12/14

4

# APPENDIX 5

FILED FOR RECORD

At 11:32 o'clock a.m.

APR 1 3 2015

JANICE STAPLES
District Clerk, Anderson County, TX
by_____ Dep.

CAUSE NO. 3-42109

| | | |
|---|---|---|
| CALVIN B. SMITH AND CONNIE M. SMITH, Plaintiffs | § § § | IN THE THIRD JUDICIAL DISTRICT |
| VS. | § § | COURT OF |
| INNOVATION RESOURCE SOLUTION, LLC, Defendant | § § § | ANDERSON COUNTY, TEXAS |

## ORDER DISQUALIFYING COUNSEL

The motion to disqualify counsel of Innovation Resource Solution, LLC having been presented to the Court, and the Court having considered and read the papers and pleadings filed in connection with the motion and having heard the arguments of counsel, the Court finds that the former matter in which Jeffrey L. Coe represented Calvin Smith is substantially related to the present matter in that:

1) Calvin Smith consulted with Jeffrey L. Coe regarding the alleged Earnest Money Contract that is now in dispute in this matter and for which Innovation Resource Solution, LLC now sues for breach of the contract; and

2) Jeffrey L. Coe advised Calvin Smith to file a motion to remove an invalid lien which is now the basis of Calvin Smith's claim against Innovation Resource Solution, LLC.

IT IS THEREFORE ORDERED that Jeffrey L. Coe is disqualified from representing Innovation Resource Solution, LLC in this matter.

C. Smith – Order Disqualifying Counsel

Page 1 of 2



Signed this 13th day of April, 2015.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

LAW OFFICES OF JAMES D. HANKINS
606 E. Crawford Street
Palestine, TX 75801
Telephone: (903) 729-2102
Fax: (903) 731-4732

By: _____
JAMES D. HANKINS
State Bar No. 08912300
Email:jdh@jameshankinslaw.com
Attorney for Calvin Smith